[No. 35156.   Department Two.   July 7, 1960.]

*In the Matter of the Petition of* THE CITY OF SEATTLE *to Acquire Land and Other Property.*[1]

*Frederick Paul,* for appellant.

*A. C. Van Soelen* and *John P. Harris,* for respondent.

FINLEY, J.—Malcolm S. McLeod and his wife, Natalie McLeod (who was a party-defendant in the trial court, but did not join her husband in this appeal), owned an interest in a parcel of unimproved land located in Seattle. Pursuant to a judgment of the King County superior court, the McLeod land (as part of a larger condemned tract) was awarded to the city of Seattle for the purpose of developing a park and playground facility. The amount of compensation and the trial court's adjudication of public use and necessity are not before us for review. McLeod's sole con-

[1] Reported in 353 P. (2d) 955.

tention is that the trial court, by virtue of a purported failure of the city of Seattle to make proper service upon him with a copy of the condemnation petition and summons, lacked jurisdiction to enter the judgment in question.

Acquisition of the land was authorized by Ordinance No. 86443, passed by the Seattle City Council on September 9, 1957. The ordinance contained a recital that "public necessity and convenience" demanded condemnation of the tract ". . . for park and playground purposes as an extension of the present Fairmount Playground." On March 11, 1958, a petition was filed, in conformity with RCW 8.12.050, which provides, in part, that

". . . Whenever any such ordinance shall be passed by the legislative authority of any such city . . . such city shall file a petition in the superior court of the county in which such land is situated, . . ."

At the same time, pursuant to RCW 8.12.070, summons was served on all persons believed to be owners of any interest in the land. The full text of the statute is:

"8.12.070 Summons—Service. Upon the filing of the petition aforesaid a summons, returnable as summons in other civil actions, shall be issued and served upon the persons made parties defendant, together with a copy of the petition, as in other civil actions. And in case any of them are unknown or reside out of the state, a summons for publication shall issue and publication be made and return and proof thereof be made in the same manner as is or shall be provided by the laws of the state for service upon absent defendants in other civil actions. Notice so given by publication shall be sufficient to authorize the court to hear and determine the suit as though all parties had been sued by their proper names and had been personally served."

Admittedly, by inadvertence—namely, reliance on an inaccurate title abstract—, the city of Seattle failed to cause a copy of the petition and summons to be served upon the McLeods. Further, the city of Seattle failed to accomplish publication of summons for unknown claimants, as required by statute.

The case went to trial on September 2, 1958. After a hearing, the trial court entered an order of public use and

set September 8, 1958, as the date for trial on the issue of just compensation, all in accordance with that part of RCW 8.12.090, reading:

". . . Whenever an attempt is made to take private property, for a use alleged to be public under authority of this chapter, the question whether the contemplated use be really public shall be a judicial question and shall be determined as such by the court before inquiry is had into the question of compensation to be made. . . ."

However, on September 4, 1958, counsel for the city learned for the first time of the McLeods' interest in a portion of the tract being condemned. Counsel immediately telephoned Mr. McLeod and informed him of the proceedings. Mr. McLeod, who is an attorney, asked if the trial on the issue of compensation could not be continued for at least sixty days in order to afford an opportunity for negotiation and settlement. The city's counsel acquiesced in this request; whereupon, the trial court ordered that trial on the compensation question with respect to the McLeods' land be continued until November 12, 1958.

On October 22, 1958, the McLeods were formally joined as additional parties-defendant by court order, pursuant to RCW 8.12.120. Although counsel for the city of Seattle claims that the McLeods were served with copies of the petition and the summons on the same day the above-noted telephone call was made, September 4, 1958, the record contains no proof that such service was made until November 10, 1958, or only two days prior to the trial date of November 12, 1958. On the morning of this latter date, McLeod made a special appearance; he moved for an order to the effect that the court lacked jurisdiction for the reason that the petition and summons had not been properly served upon him. After extended oral argument, this motion was denied. However, the trial judge announced that, before considering the question of proper compensation, he would receive such evidence as the McLeods might have relative to the issue of public use and necessity. He informed them that he would hear such evidence at 1:30 p. m., the same day; whereupon, McLeod moved for a continuance. This

motion was denied on the ground that McLeod had had adequate time to prepare for trial. At the close of the afternoon session, the trial judge ruled that public use and necessity had been established with respect to the McLeods' land in question. Trial on the compensation question was had on the following day, and culminated in a jury verdict for the McLeods in the sum of nine thousand dollars. Finally, on January 12, the judgment was entered, from which Malcolm S. McLeod, alone, has appealed.

It is clear that the trial court had jurisdiction over the subject matter of the action. As noted above, the city of Seattle fully complied with RCW 8.12.050 by filing the petition for condemnation "in the superior court of the county in which [the land to be acquired by condemnation] is situated."

We view the portion of RCW 8.12.070 relating to personal service as meaning that, where the identity of the landowner is known (as the McLeods' identity was known from September 4, 1958, onward), and where he resides within the state (as did the McLeods at all times material), a copy of the petition, together with summons, must be served upon such a landowner at least twenty days prior to the date of trial in conformity with RCW 4.28.030, relating to summons in "other civil actions."

Yet, notwithstanding the failure of the city of Seattle to comply strictly with RCW 8.12.070, Malcolm S. McLeod, by his own affidavit filed with the trial court and contained in the record now before us, attests to the fact that, from September 4, 1958, onward, he had actual notice of the proceedings by virtue of the above-noted telephone call from the city's counsel. The question posed is whether this fact is sufficient to cure any procedural infirmities respecting this case arising from the city's failure to comply strictly with RCW 8.12.070. We are convinced that this question should be answered in the affirmative. In the first place, although this factor appears to have been overlooked by counsel for both parties and, to some extent, by the trial judge, an action to condemn private property for a public use is a proceeding *in rem,* and not *in personam.*

*State ex rel. Long v. Superior Court* (1914), 80 Wash. 417, 141 Pac. 906; *Gasaway v. Seattle* (1909), 52 Wash. 444, 100 Pac. 991. Thus, personal jurisdiction over the landowner, or landowners, is not a prerequisite to valid court action. The service of a copy of the petition and summons, provided for by RCW 8.12.070, is solely for the purpose of imparting notice to the landowner, or landowners, of the pendency of the proceedings against the land.

▪ Thus, the city's failure to comply strictly with RCW 8.12.070 in the instant case did not prevent the trial court from having jurisdiction to determine the suit. Absent the fact that McLeod had actual notice of the proceedings for over two months prior to the trial, we most certainly would feel constrained to set aside the action of the trial court on traditional and constitutional procedural due process grounds. However, the fact that McLeod, who is an attorney, did have such actual notice convinces us that, under the particular circumstances before us in this case, no procedural due process violation has occurred.

We do not intend to indicate general approval of the city's failure to comply strictly with the notice requirements of RCW 8.12.070. However, we cannot see how a *formal* service of a copy of the petition and the summons at least twenty days prior to the November 12, 1958, trial date would have imparted to Mr. McLeod any knowledge of the condemnation proceedings and the issues involved therein which he did not already possess. The judgment of the trial court should be affirmed. It is so ordered.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.