204

CITY OF RIVERSIDE, Plaintiff and Respondent, v. R. S. MALLOCH, Defendant and Appellant.

Walker, Sullivan, Hews, Brown & Yakutis and Alexander B. Yakutis for Defendant and Appellant.

Leland J. Thompson, City Attorney, and John Woodhead, Assistant City Attorney, for Plaintiff and Respondent.

STONE, J.*—By this action in eminent domain, plaintiff seeks to condemn the property of The Gage Canal Company, a mutual water company. The corporation was named as defendant, and it answered, alleging ownership of all of the property being condemned. Thereafter an order for immediate possession of The Gage Canal Company property was entered after deposit by plaintiff of three and a half million dollars with the County Treasurer of Riverside County, the amount of the deposit having been approved by the trial court.

*Assigned by Chairman of Judicial Council.

Appellant, a shareholder in The Gage Canal Company, was not named as a defendant. He appeared and answered, however, under the authority of Code of Civil Procedure section 1246, which provides that all persons having or claiming an interest in any of the property described in the complaint, though not named, may appear, plead and defend in like manner as if named in the complaint.

Concurrently with his answer, appellant filed a motion to vacate the order for immediate possession. Appellant predicated his right to answer and his right to move to set aside the order upon the theory that each individual shareholder owns a proportionate share of the water rights and all other property held by The Gage Canal Company, in proportion to his stock which is appurtenant to the land he owns. Appellant contends that the company holds title to the property merely as trustee or agent for the shareholders.

The same theory of ownership of the assets of The Gage Canal Company was advanced by four shareholders in a companion case, *Erwin* v. *Gage Canal Co., ante,* p. 189 [37 Cal. Rptr. 901], this day decided. One of the shareholders in that case was Malloch, the appellant herein.

Upon the authority of the *Erwin* case and for the reasons stated therein, we hold that under the rationale of Code of Civil Procedure section 1246, appellant has no interest in the property being taken by condemnation.

It is important also that appellant's right to receive his entitlement of water, as evidenced by his shares of stock in the corporation, is not threatened by the condemnation proceedings. To the contrary, plaintiff City of Riverside, as condemner, by its complaint herein, alleges that the taking is subject to the obligations, duties and burdens of appurtenancy of the defendant canal company to deliver and carry water to the shareholders. ■ Furthermore, as we noted in *Erwin* v. *Gage Canal Co., supra,* the law specifically requires a city condemning a private or mutual water company to continue servicing shareholders and other users.

■ Because appellant is not the owner of an interest in the property which will be affected by the condemnation proceedings, he is not a proper party to the action. It follows that since appellant has no standing in court, we cannot consider the questions raised by him as to the propriety of the trial court's order for immediate possession.

The order denying motion to vacate order for immediate possession is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied April 29, 1964, and appellant's petition for a hearing by the Supreme Court was denied June 3, 1964.

[Civ. No. 7171.   Fourth Dist.   April 8, 1964.]