William A. SCHMITT, as Trustee in Bankruptcy of Gold Medal Packing Corporation, Petitioner-Appellant,

v.

B. Alton BLACKWELDER, Commissioner of Finance of Oneida County, N. Y., et al., Respondents-Appellees.

No. 452, Docket 31202.

United States Court of Appeals Second Circuit.

Argued May 8, 1967.

Decided June 7, 1967.

Laurence Sovik, Syracuse, N. Y. (Smith, Sovik, Terry, Kendrick, McAuliffe & Schwarzer, Syracuse, N. Y., and Hubbard, Felt & Fuller, Utica, N. Y., on the brief), for appellant.

Robert E. Remmell, Utica, N. Y. (Richard A. Frye, County Atty. for Oneida County, New York), for appellee B. Alton Blackwelder.

Charles Seligson, New York City (Harvey R. Miller, J. Robert Seder and Seligson & Morris, New York City, and Shaw J. Dallal, Utica, N. Y., on the brief), for other appellees.

Shaw J. Dalall, Utica, N. Y., for respondents-appellees Chicago Dressed Beef Co., Inc., Western Pork Packers, Inc., and National Packing Co., Inc.

Before SMITH, KAUFMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge.

William A. Schmitt, trustee in bankruptcy of Gold Medal Packing Corporation, appeals from an order of the United

States District Court for the Northern District of New York vacating an order of the referee in bankruptcy which directed that the defendant Commissioner of Finance of Oneida County turn over to the bankruptcy court proceeds of a condemnation award on property formerly owned by the bankrupt. We affirm the district court's order.

Gold Medal Packing Corporation was the owner of certain improved real property, located in Utica, New York. There were a real property mortgage and a chattel mortgage on the property securing a promissory note for $362,500 held by James S. Scala and Rose Scala. Early in 1963 Gold Medal defaulted in paying the Scala indebtedness and on March 1, 1963 the Scalas commenced a foreclosure proceeding in the Supreme Court of the State of New York, Oneida County. On April 29, 1963, the Scalas conveyed all their right, title and interest in the mortgages and in the foreclosure proceedings to defendant Chicago Dressed Beef Co., Inc. At the time of this transfer the outstanding mortgage debt was $181,330.36.

A receiver was appointed on June 12, 1963, to preserve the mortgaged property "for the benefit of plaintiffs' assignee [Chicago Dressed Beef Company]." Shortly thereafter, acting pursuant to his authority to "take full possession of the said premises, with full power to see to necessary repairs, and maintenance to the said premises and the fixtures and machinery located therein," the receiver took custody of the property and entered upon the performance of his duties.

On August 15, 1963, approximately five and a half months after the commencement of the foreclosure action and two months after the appointment of the receiver, an involuntary petition in bankruptcy was filed against Gold Medal in the district court. The bankrupt was not served with a subpoena as required by the Bankruptcy Act.[1]

Over a year passed without further action being taken. On December 31, 1964, the City of Utica commenced condemnation proceedings against the property in the state supreme court, Oneida County.[2] In January, 1965 a judgment of condemnation was entered, with respect to the real property, and in February the City took actual physical possession of the real property from the court appointed receiver. On August 11, 1966 the state supreme court confirmed a condemnation award of $542,434 plus interest and ordered the payment of that sum to the Commissioner of Finance of Oneida County subject to further order of the court.

About two weeks after the confirmation of the condemnation award the long dormant bankruptcy proceeding was revived and proper service on the debtor was effected. Appellant Schmitt became trustee on December 29, 1966. He immediately sought an order in the state supreme court permitting him to intervene as a party defendant in the condemnation proceeding and directing the appellee Commissioner of Finance to turn over to him the condemnation proceeds. Before the state court had rendered its decision, the trustee filed a petition in the bankruptcy proceeding seeking similar relief.

On February 6, 1967 the state court granted the trustee's petition to intervene and to be substituted as a party defendant in the condemnation proceeding but denied his petition for a turn over order. However, on February 24th the referee issued an order directing the Commissioner of Finance to turn over to the trustee the $542,434 awarded for the condemned property. The district court vacated the referee's order. It is from this action that the present appeal is taken.

We reject the trustee's contention that the bankruptcy court has exclusive

---

1. Section 18, 11 U.S.C. § 41.

2. On the preceding day the state supreme court stayed the foreclosure action pend-

ing determination of the condemnation proceeding.

summary jurisdiction to adjudicate the validity and extent of liens and encumbrances asserted against the condemned property. The Supreme Court has held that the bankruptcy court's summary jurisdiction extends to all property in the bankrupt's possession at the time of the filing of the petition:

"Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy." Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940) (footnote omitted); see Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944); 2 Collier, Bankruptcy, ¶ 23.04[2] (14th ed. 1966).

The trustee's contention that Gold Medal had possession of the mortgaged property at the time of the filing of the petition in bankruptcy is without merit. The applicable law has been clearly stated by the Court of Appeals of the Ninth Circuit in Smith v. Hill, 317 F.2d 539, 542 (9th Cir. 1963):

"When, prior to bankruptcy, a state court receiver takes possession of property of a debtor as an incident to enforcement of a mortgage lien which antedated bankruptcy by more than four months and the validity of which is not otherwise challenged, the foreclosure proceedings are not superseded by bankruptcy." (Citing, inter alia, Emil v. Hanley, 318 U.S. 515, 519–520, 63 S.Ct. 687, 87 L.Ed. 954 (1943), and Straton v. New, 283 U.S. 318, 326 & n. 6, 51 S.Ct. 465, 75 L.Ed. 1060 (1931).)

We have held that the commencement of a foreclosure proceeding in a state court vests that court with constructive possession of the mortgaged property, depriving the bankruptcy court of summary jurisdiction, whether or not the validity of the mortgage is challenged. See In re Greenlie-Halliday Co., 57 F.2d 173 (2d Cir. 1932); see generally, 1 Collier, Bankruptcy, ¶ 2.63, at 331–36 (14th ed. 1966).

Here the state court has had uninterrupted possession of the property since the commencement, on March 1, 1963, of the proceeding to foreclose the mortgage liens. Moreover, the state court acting through the receiver has had actual physical possession of the property since June, 1963.[3] The cited cases make clear that under these circumstances the bankruptcy court does not have summary jurisdiction to compel delivery to it of the property presently in the possession of the state court or to adjudicate the validity of the mortgage liens. That the foreclosure proceeding was superseded by the condemnation action does not change the applicable law since the stay of the foreclosure proceeding and condemnation of the property did not revest the property in the bankrupt or otherwise interrupt the state court's possession.

The trustee, who has been permitted to intervene in the state court proceeding, must pursue his remedies in that forum where he will have adequate opportunity to contest the validity of the mortgage liens and other claims to the *res*. Should the proceeds of the condemned property exceed the value of the liens upheld by the state court the trustee can move to have the surplus paid into bankruptcy court. See, e. g., Atlanta Flooring & Insulation Co. v. Russell, 145 F.2d 493 (5th Cir. 1944), cert. denied, 325 U.S. 862, 65 S.Ct. 1202, 89 L.Ed. 1983 (1945); Engelbrecht v. Wildman, 268 F.2d 133, 134 (9th Cir. 1959) (dictum); see generally, 1 Collier, Bankruptcy, ¶ 2.73, at 372–73 & nn. 10, 11 (14th ed. 1966).

The order appealed from is affirmed.

---

3. The receiver is not subject to the bankruptcy court's summary jurisdiction merely because he was appointed within four months of the filing of the petition in bankruptcy. See Emil v. Hanley, 318 U.S. 515, 519–523, 60 S.Ct. 687 (1943); 1 Collier, Bankruptcy, ¶2.78 [1], at 375–80 (14th ed. 1966).