[No. 39971.    Department One.    April 18, 1968.]

THE CITY OF PULLMAN, *Appellant,* v. DON GLOVER *et al.,* *Respondents.*\*

*Hugh J. Aitken,* for appellant.

*Crowley & Crowley,* by *Edward J. Crowley,* for respondents.

McGOVERN, J.—The city of Pullman, a city of the third class, seeks to acquire certain unimproved land within its corporate limits for the purpose of constructing a public building.

The amended petition in condemnation acknowledges that a portion of the premises being sought are subject to an outstanding lease in favor of the United States and that the lease will not terminate until June 30, 1970. The city filed its petition under authority of the eminent domain statutes governing third class cities (RCW 8.12.030), but declines to join the United States as a party defendant.

The respondent landowners moved to dismiss on the basis that the trial court lacked jurisdiction over the subject matter of the action since the United States is an

\*Reported in 439 P.2d 975.

occupant of the land, has an interest in it and is, therefore, a necessary party defendant.[1] The city argued that it seeks the land only "subject to the . . . [existing] lease," that the government's interest is not being disturbed, and that the government is not a necessary party. The trial court took the matter under advisement, considered it, and thereafter granted the motion to dismiss.

A dearth of authority on the subject inescapably led the court to *PUD No. 1 of Pend Oreille Cy. v. Inland Power & Light Co.*, 64 Wn.2d 122, 390 P.2d 690 (1964). And the order of dismissal under attack on this appeal was premised on a rule of law dignified by that decision. We stated in *Inland* that an action against property in which the United States has an interest cannot be maintained without permission of the United States. Respondents' oral argument and brief also rest on that authority.

The facts there were that Inland's operations had been heavily financed by the Rural Electrification Administration, an agency of the United States government and that, to secure that indebtedness, Inland mortgaged its Washington and Idaho properties to the federal government. The PUD initiated condemnation proceedings to acquire all of those mortgaged properties owned and operated in Pend Oreille County by Inland and joined the United States as a party defendant. The latter was, on its motion, dismissed from the action in that it had not consented to be sued and the trial court therefore lacked jurisdiction to proceed.

Attempting to escape its legal dilemma, the district amended its petition in condemnation, did not join the United States as a party, but within the pleadings identified the Rural Electrification Administration as Inland's mortgagee. We determined that the federal government had a

---

[1]RCW 8.12.060 provides: "Such petition shall contain a copy of said ordinance, certified by the clerk under the corporate seal, a reasonably accurate description of the lots, parcels of land and property which will be taken or damaged, and the names of the owners and occupants thereof and of persons having any interest therein, so far as known, to the officer filing the petition or appearing from the records in the office of the county auditor."

substantial interest in the property being acquired and that since it was not a party defendant, the action could not be maintained as required by RCW 8.12.060. We thus ordered a dismissal of the amended petition.

*Inland* is readily distinguishable from the case at hand. The interest of the United States there would have been materially affected; here it will not be. We stated in *Inland* at 125 that:

> Eliminating the REA as a party to the amended petition may be sufficient to protect the petition from pretrial attack, but trial on the merits clearly established the interest of the United States in the property.

And the interest that we referred to was described as

> [t]he loan contracts and various mortgages are between Inland and the federal government. They contain numerous restraints and controls not found in a usual security transaction. For example, Inland cannot employ a manager or superintendent without first securing consent. By statute, Inland cannot sell or dispose of its properties without approval of the administrator of the Rural Electrification Administration. 7 U.S.C. (1958 Ed.) § 907.

> A survey of the loan contracts, mortgages and the Rural Electrification Act leads to only one conclusion: the United States has a substantial interest in the properties in Pend Oreille County which the District seeks to condemn. *PUD No. 1 of Pend Oreille Cy. v. Inland Power & Light Co., supra,* at 123.

■ The lands being acquired here will be taken subject to the leasehold interest of the United States and the city of Pullman agrees that it "will assume and fulfill all covenants under said lease that are the obligations of the Lessors to keep and perform." No issue exists between the city of Pullman and the United States and none can arise under the city's petition. The interest of the United States is being diminished in no respect; its interest is not being condemned. That being so, it is not entitled to compensation and is not a necessary party defendant. 6 Nichols on Eminent Domain § 26.1132 (J. L. Sackman, rev. 3d ed. 1965). *See also* 29A C.J.S. *Eminent Domain* § 236 (1965).

An action against property being taken in condemnation,

subject to an existing leasehold, may be maintained under RCW 8.12.060 without joining the holder of the leasehold interest.

Certainly a sovereign in exercise of its power of eminent domain may take less than the whole of the property in condemnation. In fact, the extent of the taking may be no greater than is reasonably necessary for the stated public purpose. *State ex rel. Lange v. Superior Court,* 61 Wn.2d 153, 377 P.2d 425 (1963); *Seattle v. Faussett,* 123 Wash. 613, 212 Pac. 1085 (1923).

The city of Pullman has determined that its public purpose will be best served by taking the described property subject to the existing lease in favor of the United States. No reason has been stated which would give us cause to interfere with that administrative decision.

The cause is reversed and remanded with instructions to reinstate the amended petition and for further proceedings.

FINLEY, C.J., WEAVER and HAMILTON, JJ., and EVANS, J. Pro Tem., concur.

---

June 5, 1968. Petition for rehearing denied.