[No. 14925-7-II.    Division Two.    March 14, 1994.]

THE PORT OF GRAYS HARBOR, *Appellant*, v. THE BANKRUPTCY ESTATE OF RODERICK TIMBER COMPANY, ET AL, *Defendants*, PHILLIP E. RODERICK, ET AL, *Respondents*.

---

*Ernest M. Ingram* and *Ingram, Zelasko & Goodwin; Susan Delanty Jones, Keith R. Dolliver,* and *Preston Gates & Ellis,* for appellant.

*Douglas R. Hartwich* and *Short, Cressman & Burgess; Donald E. Hacker* and *Hacker Matthews,* for respondents.

REED, J.* — The Port of Grays Harbor appeals from a superior court judgment awarding Phillip and Sonja Roderick attorney fees and costs as condemnees in an abandoned eminent domain proceeding. The appeal necessarily brings

---

*Judge Edward P. Reed is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

up for review the trial court's prior refusal to dismiss the Rodericks as parties. We reverse.

The Rodericks were the sole shareholders of the Roderick Timber Company (RTC), a Washington corporation. In 1977, the couple transferred to RTC property they owned adjacent to the Port of Grays Harbor. The 35-acre tract had been filled, was used for log storage, and contained a 500-foot concrete loading dock. The Rodericks claimed that the land had been appraised at various times for between $8.9 and $12.9 million.

In 1986, Security Pacific Bank foreclosed on RTC's deed of trust, joining Rodericks in order to recover on their personal guaranty of the $3.2 million loan secured thereby. Subsequently, RTC was adjudicated bankrupt under chapter 7. Claims against the bankruptcy estate totaled approximately $10 million. In 1987, the Secretary of State administratively dissolved RTC.

On a date not reflected in the record, the Port offered the bankruptcy trustee $2.2 million for the RTC tract. The trustee rejected the offer. In July 1989, relying on a title company report, the Port filed a petition to acquire the property through eminent domain,[1] naming only the bankruptcy trustee and the bank.

At the public use and necessity hearing on October 31, 1989, Phillip Roderick appeared and claimed ownership of the property. Prompted by this assertion, although it doubted Rodericks' claim, the Port moved to join Rodericks as respondents. After hearing from Rodericks' attorney that his clients had been preparing their own motion to join and had no objection thereto, the court granted the Port's motion.

On January 26, 1990, the Port, having satisfied itself that Rodericks indeed had no interest in the property, moved to dismiss them. The motion was denied. On May 9, 1990, the Port filed a notice of abandonment of the condemnation proceedings. In July 1990, the trial court denied the Port's second motion to dismiss the Rodericks. In April 1991, how-

---

[1]Port districts exercise condemnation powers under the provisions of RCW 8.12.060 governing first class cities, RCW 53.08.030.

ever, the court dismissed the Rodericks and awarded them $63,215 for attorney fees and costs pursuant to RCW 8.25.075(1)(b).[2] The Port appealed.

The Port argues that because the trustee in bankruptcy is vested with complete title to the property, the Rodericks have no such interest as would entitle them to share in any condemnation award. The Port asserts therefore that they should have been dismissed on the Port's first motion and are not entitled to fees and costs arising out of the later abandonment of the proceedings.

The Rodericks counter that they had the requisite interest in the property because as the sole stockholders of RTC, (1) they are entitled to receive any funds or property remaining after creditors are satisfied, and (2) they are personally liable on their guaranties for any RTC indebtedness remaining after liquidation of the corporate assets. Thus, they contend that they must be retained as parties to ensure that the Port pays the highest price for the land. We agree with the Port's analysis.

In Washington, condemnation proceedings are governed by statute. RCW 8.12.060 specifies that the condemning authority name as respondents "the owners and occupants [of the described property] and . . . persons having any interest therein, so far as known . . .." RCW 8.12.070 provides for service by publication on any "unknown" parties; RCW 4.28.120, which specifies the form of notice to be published, refers to parties "having or claiming a share or interest in or lien upon" the property sought to be condemned. In addition, RCW 8.12.120 requires that just compensation be paid to "any person claiming an interest" who has been admitted as a party defendant. *See also* CR 19; footnote 3, *infra*.

Thus, it was clearly proper for the Port to join Rodericks in the first instance, because they were vocally asserting or

---

[2]RCW 8.25.075(1)(b) reads as follows:

"(1) A superior court having jurisdiction of a proceeding instituted by a condemnor to acquire real property shall award the condemnee costs including reasonable attorney fees and reasonable expert witness fees if:

". . . .

"(b) The proceeding is abandoned by the condemnor."

claiming an interest in the property. Even though the Port had relied on a title search and disputed Rodericks' claim, prudence dictated that they be joined to resolve the claim and quiet the title.

■ In a condemnation proceeding, after a party claiming an adverse interest has been joined, the trial court must determine or adjudicate the claim. *State v. Evans*, 96 Wn.2d 119, 634 P.2d 845 (1981); *Tacoma v. Gillespie*, 82 Wash. 487, 144 P. 697 (1914). *Cf. King Cy. v. Squire Inv. Co.*, 59 Wn. App. 888, 801 P.2d 1022 (1990), *review denied*, 116 Wn.2d 1021 (1991). If it is determined that the putative condemnee does not have the requisite interest in the property, then dismissal from the proceedings should follow. *Squire Inv.; United States v. 88.28 Acres of Land*, 608 F.2d 708, 712, 57 A.L.R. Fed. 476 (7th Cir. 1979). *See also* Deborah B. Dove, Annotation, *Dismissal, Under Rule 71A(i)(3) of Federal Rules of Civil Procedure, of Defendant Unnecessarily or Improperly Joined in Condemnation Action*, 57 A.L.R. Fed. 490 (1982).

■ Condemnation is an action in rem, involving the property itself. *United States v. Ivie*, 163 F. Supp. 138, 142 (N.D. Ga. 1957); *Gasaway v. Seattle*, 52 Wash. 444, 447, 100 P. 991 (1909); *In re Seattle*, 56 Wn.2d 541, 544, 353 P.2d 955 (1960). Thus, only those with an estate or interest at law or in equity may share in a condemnation award. *Swanson v. United States*, 156 F.2d 442, 445 (9th Cir. 1946), *cert. denied sub nom. Spokane Portland Cement Co. v. Swanson*, 329 U.S. 800 (1947); *State ex rel. Suksdorf v. Superior Court*, 169 Wash. 195, 200, 13 P.2d 460 (1932); 6 Julius L. Sackman, *Nichols on Eminent Domain* § 26.113 (3d rev. ed. 1989).

Although respondents in a condemnation action must have a legal or equitable interest in the property, such an interest need not be ownership of the entire fee. *Cf. Spokane Sch. Dist. 81 v. Parzybok*, 96 Wn.2d 95, 103-04, 633 P.2d 1324 (1981). For example, various types of security interests have been recognized as sufficient to allow participation in the proceedings and a share of the compensation

award. *State v. Teuscher*, 111 Wn.2d 486, 761 P.2d 49 (1988) (secured creditors); *Lawson v. State*, 107 Wn.2d 444, 730 P.2d 1308 (1986) (holder of reversionary interest in right of way); *Parzybok* (lessees likely to exercise option).

On the other hand, persons who might suffer only collateral economic consequences are not entitled to participate. *Evans*, 96 Wn.2d at 126-27 (condemnee who improved adjacent lands under an oral, unenforceable lease need not be compensated for any economic loss suffered on such lands); *PUD 1 v. Kottsick*, 86 Wn.2d 388, 545 P.2d 1 (1976) (adjacent property owners had no standing to intervene); *Pullman v. Glover*, 73 Wn.2d 592, 594, 439 P.2d 975 (1968) (lessee whose interest would not be "materially affected"); *In re Leary Ave.*, 72 Wash. 617, 622-23, 131 P. 225 (1913) (property owners whose property may be assessed to pay for contemplated improvement have no legal right to appear in condemnation action).

Although all parties having the requisite interest must be joined in condemnation proceedings, joinder of their legal representative is sufficient. For example, the beneficiary of a trust is not a necessary party to a condemnation proceeding. *In re Romano*, 426 F. Supp. 1123, 1128 (N.D. Ill. 1977), *modified*, 618 F.2d 109 (7th Cir. 1980). Similarly, in the case of a minor or person suffering from a legal disability, the appropriate party is the guardian or guardian ad litem, rather than the ward. RCW 8.25.270.

Thus, joinder of the trustee in bankruptcy renders unnecessary joinder of the nominal bankrupt. 2 Julius L. Sackman, *Nichols on Eminent Domain* § 5.10[1] (3d rev. ed. 1989) (citing *Schmitt v. Blackwelder*, 379 F.2d 278 (2d Cir. 1967)). It is the trustee's duty to protect the interests of the "entire community of interests in the corporation — creditors as well as stockholders." *Koch Ref. v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1351 (7th Cir. 1987) (citing *Pepper v. Litton*, 308 U.S. 295, 307, 84 L. Ed. 281, 60 S. Ct. 238 (1939)), *cert. denied*, 485 U.S. 906 (1988). Included in the "community" represented by the trustee are the bankrupt, who is entitled to return of all unclaimed assets, 11 U.S.C. §

726(a)(6); *Burton Coal Co. v. Franklin Coal Co.*, 67 F.2d 796, 801 (8th Cir. 1933), and the shareholders, who are entitled to unclaimed assets of a dissolved corporation. *Hendrie v. Lowmaster*, 152 F.2d 83, 85 (6th Cir. 1945). However, stockholders of a bankrupt corporation have no interest in the property being condemned, and are not necessary parties to a condemnation action. *See* 2 Julius L. Sackman, *Nichols on Eminent Domain* § 5.08 (3d rev. ed. 1989) (citing *Riverside v. Malloch*, 226 Cal. App. 2d 204, 37 Cal. Rptr. 862 (1964)).

██ Rodericks' interest in any condemnation award is nebulous and collateral at best. They must look exclusively to the trustee in bankruptcy for protection of that interest. Once this was made clear on the record, the Port's timely motion to dismiss them should have been granted. The Rodericks were not "condemnees" under the statute when the Port abandoned the proceedings and were not entitled to attorney fees and costs. *See Squire Inv.*, where the court held that attorney fees and costs attributable to the "quiet title" aspect of a condemnation action — as opposed to the compensation fixing portion — were not recoverable under RCW 8.25.070. As a result, the Port's first motion to dismiss should have been granted, leaving the trial court without a basis for later awarding fees and costs because of the abandonment of the proceedings. Finally, contrary to Rodericks' contention, procedural rule CR 19[3] does not require that Rodericks be retained as parties defendant once it has been determined they, in fact, have no interest in the subject property. Where the Legislature has established a specific requirement for joinder of parties, procedural court rules may not be used to alter those requirements. *See State v.*

---

[3]CR 19 provides in part:

"JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION

"(a) **Persons To Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest or . . . .. If he has not been so joined, the court shall order that he be made a party."

*Schulze*, 116 Wn.2d 154, 160, 161, 804 P.2d 566 (1991); *State v. Smith*, 84 Wn.2d 498, 501, 527 P.2d 674 (1974); *Tarabochia v. Gig Harbor*, 28 Wn. App. 119, 123, 622 P.2d 1283 (1981); *see generally* 3A Lewis H. Orland & Karl B. Tegland, Wash. Prac., *Rules Practice* 19-21 (4th ed. 1992). Procedural rule CR 19 simply cannot supersede the statutes and their judicial interpretations so as to create a substantive interest in property undergoing condemnation with a right to share in the condemnation award.

The judgment is reversed.

SEINFELD, A.C.J., and ALEXANDER, J., concur.