# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ERIC DIETZE and VICTORIA SEEWALDT, husband and wife,<br><br>     Appellants,<br><br>    v.<br><br>JAMES V. KELLEY and ANGELA K. KELLEY, husband and wife; CHRISTINE TESCH-SPIERS; TAMARA KITTREDGE; JOHN E. FRIARS and ELVERA I. FRIARS, husband and wife; DEAN STRAIN and SHIRLEY R. STRAIN husband and wife; JP MORGAN CHASE BANK, N.A.; SCHOOL EMPLOYEES CREDIT UNION OF WASHINGTON; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICAN MORTGAGE NETWORK, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB,<br><br>     Respondents,<br><br>VASHON PARK DISTRICT,<br><br>     Defendant. | No. 71098-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>FILED: June 8, 2015 |

APPELWICK, J. — The Dietzes appeal the trial court's summary judgment order dismissing their quiet title action with prejudice. The Dietzes filed a complaint against their neighbors and their neighbors' lenders seeking an easement to access their allegedly landlocked property. Five lenders were listed on the complaint, but the Dietzes served only one. The litigation proceeded and the Dietzes failed to timely serve the unserved lenders, even after receiving leave from the court to do so. Consequently, the trial court granted a motion to dismiss one of the unserved lenders. The trial court then

dismissed the Dietzes' action with prejudice, because their failure to join an indispensable party constituted inexcusable neglect. The record does not support the legal conclusion that the named lenders were necessary and indispensable parties to this litigation. Failure to serve any them or dismissal of any of them did not provide a proper basis to dismiss this action with prejudice as to the defendant owners. We vacate the summary judgment order and remand for further proceedings.

## FACTS

On April 8, 2011, Eric Dietze and Victoria Seewaldt (the Dietzes) filed a quiet title action. The Dietzes filed the action seeking an easement to access their allegedly landlocked property in Vashon.[1] The defendants named in the complaint were neighboring property owners and their lenders. The Dietzes alleged that they required access to their property from roadways adjacent to the neighboring properties. Specifically, the Dietzes claim access from a road adjacent to properties owned by James and Angela Kelley and Christine Tesch-Spiers. Alternatively, the Dietzes claimed access across properties owned by Vashon Park District,[2] Tamara Kittredge, John and Elvera Friars, and Dean and Shirley Strain.[3]

---

[1] Specifically, the complaint sought relief for a "judgment confirming plaintiffs' easement rights in the platted rights-of-way in the Plat of Chatauqua Beach providing access to [the Dietzes'] real property." Prior to the filing of the Dietzes' action, neighboring property owners brought their own actions to vacate unopened platted streets that abutted their property. The Dietzes allege that the judgments in these actions rendered their property landlocked and that they need an easement to access their properties.

[2] The Vashon Park District was dismissed on March 28, 2013, through an agreed stipulation, because it transferred all its interest in the property to Kittredge.

[3] Collectively we refer to the Kelleys, Thesch-Spiers, Kitteredge, the Friars, and the Strains as the "neighboring owners."

2

The complaint named several lenders that may have interests in the properties, because of deeds of trust encumbering the properties. Specifically, the Dietzes named Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for American Mortgage Network (Kelley property), MERS as nominee for Countrywide Bank FSB (Kelley property), JPMorgan Chase (Chase) (Kittredge and Tesch-Spiers property), School Employees Credit Union of Washington (SECU) (Kittredge property), and Boeing Employees' Credit Union (BECU) (Friars property). The complaint sought an easement to provide the Dietzes access to their property over the previously vacated street plats crossing neighboring properties. It did not seek fee simple title to any portion of the neighboring properties, nor did it seek to change the priority of any security interests currently encumbering those properties.

The Dietzes served the summons and complaint on SECU, the Strains, the Friars, Kittredge, the Kelleys, Tesch-Spiers, and Vashon Park District between April 13, 2011 and April 17, 2011. But, the Dietzes did not serve MERS, Chase, or BECU.

On April 4, 2013, almost two years after being served with the summons and complaint, SECU moved for summary judgment arguing that the Dietzes' lawsuit should be dismissed under CR 19(a). It claimed dismissal was appropriate, because the lenders are necessary parties to a lawsuit that seeks to quiet title to the real property pledged to secure payment of their loans and that the lenders were not all served. In support of its motion, SECU attached a litigation guarantee.[4] The litigation guarantee lists the deeds of trust of the lenders that the Dietzes named as defendants in the lawsuit, but failed to

---

[4] A litigation guarantee provides title information from public records about an estate or property interest. It provides an assurance against loss to the party requesting it if any of the information is incorrect.

3

serve—Chase, BECU, and MERS for American Mortgage Network Inc. and Countrywide Bank. The Kelleys, Tesch-Spiers, Kittredge, the Friars, and the Strains all subsequently joined SECU's motion for summary judgment.

The Dietzes timely responded to the motion on April 19. They claimed that SECU and the neighboring owners failed to prove that the lenders are indispensable parties. They claimed that the lenders did not have an interest in the property and that the respective neighboring owners had never previously joined their lenders in their own earlier quiet title actions. The trial court declined to rule on the motion for summary judgment at that point.

On May 2, the Dietzes filed a motion for leave to effectuate service of process on defendants which have not been served in this case. Without conceding that the lenders were indispensable parties, the Dietzes argued that justice required that they be granted leave to effectuate service of process on the lenders who were named but not yet served. Then, the Dietzes filed a supplemental response to SECU's motion for summary judgment. Rather than addressing why the lenders were not served or why the lenders were not indispensable parties, the Dietzes argued that if the lenders are indispensable parties, the appropriate remedy would be to grant the motion to effectuate service of process. Alternatively, the Dietzes argued that if the court decides dismissal of the action is appropriate, it should dismiss without prejudice.

On May 21, the trial court granted the Dietzes' motion for leave to effectuate service of process on the unserved lenders. And, it ordered that Chase, BECU, and MERS as nominee for American Mortgage Network and Countrywide be served before June 15, 2013.

The Dietzes served BECU and Chase on June 21. They served MERS as nominee for American Mortgage Network and Countrywide on June 20.

On August 13, Chase moved to dismiss the claims against it on the grounds that it was not served in compliance with the court's May 20 order. The Dietzes did not respond to the motion. The trial court entered an order granting Chase's motion to dismiss.

Shortly thereafter, on September 17, Kittredge and SECU moved the court to rule on their pending April 4, 2013 motion for summary judgment to dismiss the Dietzes' lawsuit for their failure to join indispensable parties. They argued that summary judgment dismissal was appropriate, because Chase was an indispensable party and had been dismissed from the lawsuit.

On September 26, BECU moved to dismiss on the same grounds as Chase. While BECU's motion was pending before the court,[5] the court granted SECU's and the neighboring owners' motion for summary judgment. The court found that the defendant lenders named in the Dietzes' complaint were necessary parties under CR 19. It concluded that the Dietzes' failure to timely serve all the lenders named in the lawsuit was the result of inexcusable neglect, because the Dietzes had access to the litigation guarantee and because the Dietzes named the lenders in the complaint and described their legal interests in the properties at issue. It found that the Dietzes failed, without excuse, to serve the lenders by the June 15 deadline and failed to oppose Chase's motion to dismiss. It concluded that, as a result, an indispensable party was not before the court

---

[5] The trial court later granted BECU's motion to dismiss on October 7, 2013.

on the quiet title action. The court granted the motion for summary judgment and dismissed the lawsuit with prejudice.

The Dietzes appeal.

## STANDARD OF REVIEW

This court reviews summary judgment orders de novo. Hadley v. Maxwell, 144 Wn.2d 306, 310-11, 27 P.3d 600 (2001). Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Peterson v. Groves, 111 Wn. App. 306, 310, 44 P.3d 894 (2002). When considering the evidence, the court draws reasonable inferences in the light most favorable to the nonmoving party. Schaaf v. Highfield, 127 Wn.2d 17, 21, 896 P.2d 665 (1995).

## DISCUSSION

The trial court found that the lenders named in the Dietzes' complaint were necessary parties to the quiet title action under CR 19. And, one of those lenders, Chase, had been dismissed. The Dietzes argue that SECU and the neighboring owners failed to establish that the lenders are necessary parties. They contend that the trial court erred in granting SECU's and the neighboring owners' motion for summary judgment on this basis.

This court reviews a trial court's decision under CR 19 for abuse of discretion, but reviews any legal conclusion underlying a CR 19 determination de novo. Gildon v. Simon Prop. Grp., Inc., 158 Wn.2d 483, 493, 145 P.3d 1196 (2006). A court abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds or for untenable reasons. Id. at 494. An abuse of discretion is found if the trial court relies on

6

unsupported facts, takes a view that no reasonable person would take, applies the wrong legal standard, or bases its ruling on an erroneous view of the law. Id.

Under CR 19, a trial court undertakes a two part analysis. Id. First, the court must determine whether a party is needed for just adjudication. Id.; CR 19(a).

CR 19(a) outlines which parties are necessary:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

Second, if an absent party is needed but it is not possible to join the party, then the court must determine whether in "'equity and good conscience'" the action should proceed among the parties before it or should be dismissed, the absent party being thus regarded as indispensable. Gildon, 158 Wn.2d at 495 (quoting Crosby v. Spokane County, 137 Wn.2d 296, 306-07, 971 P.2d 32 (1999)); CR 19(b). The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) if there is prejudice, the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Gildon, 158 Wn.2d at 495.

7

In analyzing whether a party is a necessary or indispensable party, CR 19 calls for determinations that are heavily influenced by the facts and circumstances of individual cases. Id. The burden of proof for establishing indispensability is on the party urging dismissal. Id.

In granting SECU's and the neighboring owners' motion for summary judgment, the trial court considered the parties' briefs, declarations, and oral argument. It then stated:

> The court finds that the defendant lenders named in [the Dietzes'] complaint are necessary parties under CR 19. [The Dietzes'] failure to timely serve all the lenders named in the lawsuit was the result of inexcusable neglect. Before filing suit, [the Dietzes] ordered and received a litigation guaranty identifying them. [The Dietzes] named them in the Complaint and described their legal interests in the properties at issue. [The Dietzes] sought and were granted leave to serve them by June 15, 2013. Yet [the Dietzes] failed, without excuse, to serve them by that deadline and failed, without explanation to oppose JP Morgan Chase's motion to dismiss. As a consequence, an indispensable party . . . is not before this Court in the present action seeking, in part, to quiet title over the Kittredge/JPMorgan Chase/Credit Union property.

In defending this ruling as correct, the lenders cite to Anderson & Middleton Lumber Co. v. Quinault Indian Nation for the propositions that all owners of an interest in property are presumably indispensable parties to an action involving that property and that the failure to join an indispensable party requires the dismissal of a quiet title action. 79 Wn. App. 221, 228, 901 P.2d 1060 (1995), aff'd, 130 Wn.2d 862, 929 P.2d 379 (1996)). But, Anderson is inapposite. The Anderson court held that the United States was an indispensable party in litigation regarding the subsurface rights of a piece of property in an action to quiet title. Id. at 228-29. The court stated that all owners of an interest in property are presumably indispensable parties to an action involving that property. Id.

8

But, in that case, the United States was an <u>equitable owner</u> of an interest in the subsurface rights. <u>Id.</u> Here, by contrast, there is no evidence in the record that the lenders are owners of the property, rather than merely secured parties.

Additionally, the lenders rely on <u>Public Utility District No. 1 of Pend Oreille County v. Inland Power & Light Company</u>, 64 Wn.2d 122, 390 P.2d 690 (1964), for the assertion that a lender with a mortgage on a property is a necessary and indispensable party to a proceeding involving that property. <u>Inland</u> involved an eminent domain proceeding in which a county sought to condemn all of the electrical properties within its boundaries. <u>Id.</u> at 122-23. The electrical properties belonged to Inland, a nonprofit corporation that worked to bring electricity and telephone service to the remote county. <u>Id.</u> The United States had provided low interest rate loans to Inland to fund its work. <u>Id.</u> The loans were secured by mortgages upon Inland's properties. <u>Id.</u> The <u>Inland</u> court determined that the United States was both a necessary and indispensable party in the eminent domain action. <u>Id.</u> at 125. But, it made that determination only after considering the provisions in the loan contracts and mortgages between Inland and the United States. <u>Id.</u> at 123. It opined that they contained numerous restraints and controls not found in a usual security transaction and said that a survey of the loan contracts and mortgages illustrated that the United States had a substantial interest in the properties. <u>Id.</u> There is no evidence in the record here that any of the lenders held anything more than a usual security interest.

The trial court's order notes that the Dietzes obtained a litigation guarantee identifying the lenders, named the lenders in the lawsuit, and identified their legal interests in the property. There is no evidence that the lenders established an ownership interest, rather than a security interest, in the property. There is no evidence that the lenders

established that their security interest would be impaired if the Dietzes' easement claim was established. The moving party, the lenders, have that burden. Gildon, 158 Wn.2d at 495. Understandably then, the trial court's order did not analyze how or why the lenders are necessary parties under CR 19(a). The court appears merely to have assumed that the litigation guarantee and the naming of the lenders in the complaint made the lenders necessary parties. It did not. Further, it appears from the record that after the trial court summarily concluded the lenders were necessary parties, it similarly assumed their indispensability without considering the relevant factors under CR 19(b).

The record does not establish facts that would allow the trial court to conclude under CR 19 that the lenders were necessary, let alone indispensable parties. We hold that, on this record, it was an abuse of discretion for the trial court to conclude that the lenders were both necessary and indispensable parties.

We therefore vacate the trial court's order granting SECU's and the neighboring owners' motion for summary judgment. We remand for further proceedings.[6]

WE CONCUR:

---

[6] Because we vacate the order granting summary judgment, we need not address the Dietzes' additional related assignments of error.

10

# Dietze v. Kelley, No. 71098-2-I

Cox, J. (concurring) – I concur. I write separately to emphasize that the fact that an entity is named in a litigation guarantee does not, without more, make that entity either a necessary or indispensable party for purposes of CR 19. Because respondent lenders failed to meet their burden to establish that they are either necessary or indispensable parties to this action, the summary judgment order dismissing this action should be reversed.

In their complaint to quiet title, the Dietzes named as defendants various lenders who hold deeds of trust encumbering property that is at issue in this case. They also named various entities that are associated with the deeds of trust. I refer to all these entities as "lenders" for purposes of this discussion. It appears the Dietzes named these lenders as defendants in this action because they all are named in the special exceptions to a litigation guarantee dated January 25, 2011.[1]

As the majority discusses, the lenders in this case rely, in part, on <u>Public Utility District No. 1 of Pend Oreille County v. Inland Power & Light Co.</u> to show that they are necessary and indispensable parties to this action.[2] That reliance is misplaced, as the majority explains.

---

[1] Clerk's Papers at 344-68.

[2] 64 Wn.2d 122, 390 P.2d 690 (1964).

But there is an additional reason why that case does not control here. The lenders fail to cite a subsequent supreme court case that distinguishes Inland. That case is City of Pullman, Whitman County v. Glover.[3]

There, the city of Pullman commenced an eminent domain proceeding to condemn certain real property. The property was subject to a lease in which the United States was the tenant. The City did not name the United States as a defendant in the proceeding, notwithstanding the record interest of the United States in the property.

The landlords, who were named as a party defendant, moved to dismiss. They did so "on the basis that the trial court lacked jurisdiction over the subject matter of the action since the United States is an occupant of the land, has an interest in it and is, therefore, a necessary party defendant."[4]

The city argued "that it seeks the land only 'subject to the . . . [existing] lease,' *that the government's interest is not being disturbed, and that the government is not a necessary party.*"[5]

The trial court granted the landlord's motion to dismiss.[6] It did so on the basis of Inland.[7]

---

[3] 73 Wn.2d 592, 592-95, 439 P.2d 975 (1968).

[4] Id. at 592-93.

[5] Id. at 593 (emphasis added).

[6] Id.

[7] Id.

On appeal, the supreme court reversed. In doing so, the court stated:

The interest of the United States [in Inland] would have been materially affected; here it will not be.

. . .

The lands being acquired here will be taken subject to the leasehold interest of the United States and the city of Pullman agrees that it 'will assume and fulfill all covenants under said lease that are the obligations of the Lessors to keep and perform.' No issue exists between the city of Pullman and the United States and none can arise under the city's petition. *The interest of the United States is being diminished in no respect;* its interest is not being condemned. *That being so, it is* not entitled to compensation and is *not a necessary party defendant.*[8]

These principles control here. Neither the complaint to quiet title nor anything else in this record shows any intent by the Dietzes to adversely affect the liens of the deeds of trust of respondent lenders. Moreover, at oral argument of this case before this court, the Dietzes confirmed that they do not challenge either the validity or priority of the deeds of trust that encumber the property at issue. And they correctly conceded at oral argument that should they succeed in quieting title to the property in this action, that property will remain subject to the liens of the deeds of trust of the lenders. In sum, there is absolutely no showing here of any adverse effect on the deeds of trust by virtue of this action. In fact, there is no showing of any effect at all.

Accordingly, the lenders have failed in their burden to show that they are necessary parties under CR 19. Without first establishing that they are necessary parties, they cannot establish that they are also indispensable

---

[8] Id. at 594.

3

parties.[9] That the Dietzes erroneously named the lenders as parties defendant in their complaint does not alter the correct analysis of this issue.

No one disputes that the owners of the real estate at issue in this case are necessary parties under CR 19. Thus, that question is not before this court.

For these reasons, summary judgment of dismissal of this action with prejudice was improper. The lenders are neither necessary nor indispensable parties. Reversal of that order is warranted.

Cox, J.

Leach, J.

---

[9] <u>Gildon v. Simon Prop. Grp., Inc.</u>, 158 Wn.2d 483, 494-95, 145 P.3d 1196 (2006).