McKENZIE *v.* BUREAU OF MOTOR VEHICLES.

[Cite as McKenzie v. Bureau of Motor Vehicles (1973),
37 Ohio Misc. 24.]

(No. 358868—Decided September 11, 1973.)

Franklin County Municipal Court.

*Mr. John C. Young,* for plaintiff.
*Mr. George C. Smith,* county prosecutor, for defendant.

WEST, J.  Petitioner was arrested March 2, 1973 by Officer J. M. Harrow of the Madison Township Police Department on the charge of operating a motor vehicle while under the influence of alcohol.  He was taken to the Madison Township Police Station where the arresting officer requested him to submit to a chemical test for the purpose of determining the alcoholic content of his blood.  Mr. McKenzie did not assent nor did he by specific words refuse to take the test.  He simply stood mute.  His driver's license was suspended by the Registrar of Motor Vehicles for six months as provided in the implied consent statute, R. C. 4511.191 (D).

McKenzie has petitioned this court to set aside the suspension alleging there was error in the action taken by the Registrar in that he did not refuse to comply with the request that he submit to a test.

All material facts have been stipulated by the parties. The stipulation relevant to the sole issue here is that McKenzie is possessed of limited intelligence and education having completed only the eighth grade in Pike County, Kentucky. He is unable to understand completely the Ohio dialect as compared with the manner of speaking in the part of Kentucky where he is a native. He was unable to comprehend what the test was that the officer offered, its purpose or the consequences of a refusal as explained by the officer in the language of the "Notification of Refusal to Submit to a Chemical Test" form prescribed by the Registrar pursuant to R. C. 4511.191 (C). It was further stipulated that McKenzie, because he did not comprehend the statements made with respect to the request he submit to a test, said and did nothing about taking the test. It was agreed that he willingly performed the physical tests such as finger to nose.

The suspension of a driver's license under R. C. 4511.-191 (D) will be upheld if the court finds that (1) the arresting officer had reasonable ground to believe the person had been driving a motor vehicle upon the public highways of this state while under the influence of alcohol, (2) the person was placed under arrest for the offense of driving while under the influence of alcohol, (3) the person refused to submit to a chemical test or tests of his blood, breath or urine upon the request of the arresting officer, and (4) the person was advised of the consequences of his refusal.

For the purpose of R. C. 4511.191, a refusal to submit to a chemical test of the blood, breath or urine will occur where a person, by his acts, words or general conduct, manifests an unwillingness to submit to a test. Such refusal need not have been knowingly and intentionally made. *Hoban* v. *Rice* (1971), 25 Ohio St. 2d 111.

In the *Hoban* case we had a driver who was too intoxicated to know what was going on although most of the time he "wasn't passed out." When asked to take the test he completely refused but would not answer or give any reasons for his refusal. His only recollection was the following morning, when he was awakened by the turnkey at the

Upper Arlington jail. The Ohio Supreme Court would not subscribe to the defense of "too drunk to understand" as a means of nullifying the effect of the implied consent statute. The broad purpose of this law is to protect the innocent and clear the streets of unsafe drivers.

One must have sufficient intelligence and grasp of the language to demonstrate the ability to drive safely before he can pass the licensing examination and qualify for an operator's license. A person who voluntarily operates a motor vehicle upon the highways of this state is estopped in a proceeding under R. C. 4511.191 to assert insufficient mental capacity or language skill to comprehend the request and advice provided in R. C. 4511.191 (C), when received in the statutory manner and form. *State* v. *Hurbean* (1970) 23 Ohio App. 2d 119.

The driver in this case understood well enough to perform the physical tests requested of him. Standing mute when asked to submit to a chemical test was a refusal of such test. The purpose of the implied consent law would be completely frustrated if the court were to allow the defense of "I did not understand."

The petitioner having failed to show error in the action taken by the Registrar or in one or more of the four matters within the scope of the hearing, the petition is denied and the petitioner's drivers license and/or driving privilege is, therefore, suspended for a period of six months effective September 25, 1973 and the cost of these proceedings shall be paid by the petitioner.