VILLAGE OF ELKHART LAKE, Plaintiff-Respondent,

v.

Robert A. BORZYSKOWSKI, Defendant-Appellant.

Court of Appeals

*No. 84–1324. Submitted on briefs December 4, 1984.—
Decided February 13, 1985.*
(Also reported in 366 N.W.2d 506.)

For the defendant-appellant, the cause was submitted on the brief of *Jerome F. Pogodzinski,* of Milwaukee.

For the plaintiff-respondent, the cause was submitted on the brief of *L. Edward Stengel,* district attorney, of Sheboygan.

For the State of Wisconsin, a supplemental brief was filed by *Bronson C. La Follette,* attorney general, and *Sally L. Wellman,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Robert A. Borzyskowski appeals from an order revoking his driver's license for six months because he refused to take a breathalyzer test. Borzyskowski contends that there was no probable cause to arrest him for operating a motor vehicle while under the influence of an intoxicant. He also challenges the trial court's finding that he improperly refused to take a breathalyzer test. In addition, Borzyskowski claims that the trial court lost jurisdiction when it failed to render a decision within five days of the refusal hearing, as required by sec. 343.305(8)(b), Stats. We conclude that there was probable cause to arrest Borzyskowski and that the trial court properly found that he refused to take the breathalyzer. In addition, we conclude that the trial court did not lose jurisdiction by its failure to render a decision within five days of the refusal hearing. We therefore affirm the judgment of the trial court.

Officer David Spakowicz arrested Borzyskowski in the Village of Elkhart Lake on July 17, 1983. Officer Spakowicz testified at a pretrial motion hearing that he observed a motor vehicle parked along the roadway in a place not designated for parking and that a can of beer was on the roof of the vehicle. The engine of the motor vehicle was running and the hazard lights were operating. As he approached the passenger side of the vehicle, Officer Spakowicz observed Borzyskowski sitting behind the steering wheel of the vehicle, holding a can of beer. Officer Spakowicz also testified that he noticed an odor of alcohol on Borzyskowski's breath, that his eyes were glassy and that his reactions to Officer Spakowicz' questions were slow. After directing Borzyskowski

to move the vehicle off the roadway, Officer Spakowicz conducted field sobriety tests. Borzyskowski did not perform all of the tests satisfactorily. Officer Spakowicz arrested Borzyskowski for operating a motor vehicle while under the influence of an intoxicant, contrary to a Village of Elkhart Lake ordinance which adopts sec. 346.63(1), Stats.[1]

Borzyskowski was transported to the police department, where he verbally agreed to take a breathalyzer test. Officer Robert Sertich then attempted to obtain a breath sample from Borzyskowski. After several unsuccessful attempts, Sertich determined that Borzyskowski was not cooperating with the test procedures and concluded that Borzyskowski refused to take the breathalyzer test.

The pretrial motion hearing on whether there was probable cause to arrest Borzyskowski was held on October 12, 1983. The trial court, in a decision issued on January 11, 1984, determined that probable cause to arrest existed and therefore it denied Borzyskowski's motion to dismiss the charge. At the conclusion of the refusal hearing on March 26, 1984, the trial court set a briefing schedule. On May 29, 1984, the trial court issued its decision finding that Borzyskowski refused to take the test. The trial court ordered a six-month revocation of Borzyskowski's driver's license. Borzyskowski appeals.

---

[1] Section 346.63(1), Stats., provides in part:

Operating under influence of intoxicant or other drug. (1) No person may drive or operate a motor vehicle while:

(a) Under the influence of an intoxicant or a controlled substance or a combination of an intoxicant and a controlled substance . . . or

(b) The person has a blood alcohol concentration of 0.1% or more by weight of alcohol in that person's blood or 0.1 grams or more of alcohol in 210 liters of that person's breath.

Borzyskowski first claims that there was no probable cause to arrest him for operating a motor vehicle while under the influence of an intoxicant. We agree with the trial court's determination that Officer Spakowicz had probable cause to arrest Borzyskowski.

Probable cause to arrest requires that, at the moment of arrest, the officer knew of facts and circumstances which were sufficient to warrant a prudent person to believe that the person arrested had committed or was committing an offense. *State v. Drogsvold,* 104 Wis. 2d 247, 254, 311 N.W.2d 243, 247 (Ct. App. 1981). This requirement deals with probabilities and need only be sufficient to lead a reasonable officer to believe that guilt is more than a possibility. *Id.* at 254–55, 311 N.W. 2d at 247. Where the historical facts are undisputed, the question of whether there was probable cause for arrest is a question of law which this court may subject to an independent review. *Id.* at 262, 311 N.W.2d at 250.

The thrust of Borzyskowski's argument goes to whether there was probable cause to believe that he was operating the motor vehicle. To "operate" a motor vehicle is to physically manipulate or activate any of the controls of a motor vehicle which are necessary to put it in motion. Sec. 343.305 (11) (b), Stats. Operation of a motor vehicle occurs either when a defendant starts the motor or leaves it running. *Milwaukee County v. Proegler,* 95 Wis. 2d 614, 628–29, 291 N.W.2d 608, 614 (Ct. App. 1980). Restraining the movement of a running vehicle constitutes physical manipulation of a vehicle's controls. *Id.* at 627–28, 291 N.W.2d at 614.

Here, Officer Spakowicz observed Borzyskowski sitting behind the steering wheel of a motor vehicle whose en-

gine was running. The vehicle was parked along a roadway in a place not designated for parking. It was reasonable for Officer Spakowicz to believe that Borzyskowski was physically manipulating the controls either by leaving the engine running or by restraining its movement. Both of these actions constitute "operation" as it is defined in the statute and in *Proegler*. The trial court therefore properly denied Borzyskowski's motion to dismiss for lack of probable cause.

Next, Borzyskowski argues that the trial court erroneously concluded that he refused to take the breathalyzer test. The trial court found that Borzyskowski refused to take the test because he refused to cooperate in the administration of the test. Borzyskowski argues this finding is erroneous because he verbally agreed to take the test and blew into the machine several times. We conclude that Borzyskowski's conduct during the administration of the breathalyzer test supports the trial court's finding of a refusal to take the test.

After Borzyskowski was arrested and transported to the police department, Officer Robert Sertich, a certified breathalyzer operator, attempted to administer a breathalyzer test. He instructed Borzyskowski on the proper way to blow air into the machine and informed him that he had to blow "deep lung air." Officer Sertich testified that deep lung air is necessary to get an accurate sample. Borzyskowski blew into the machine several times, but Officer Sertich determined that the breath samples given were not sufficient to provide an accurate reading of Borzyskowski's blood alcohol content. Borzyskowski was informed after each attempt that he had given an improper sample. Officer Sertich testified that he could hear and feel air escaping from around the mouthpiece each time Borzyskowski blew into the machine. Officer Sertich also testified that he did not observe Borzyskowski's diaphragm contract, a movement which, ac-

cording to Officer Sertich, is generally visible when a person blows deep lung air into the breathalyzer machine. During one attempt, Borzyskowski broke the mouthpiece on the machine. After several unsuccessful attempts to obtain a valid sample, Officer Sertich warned Borzyskowski that he had one more opportunity to blow sufficient deep lung air into the machine. Borzyskowski failed to do so, and Officer Sertich determined that Borzyskowski was being uncooperative and that his conduct demonstrated a refusal to take the test. Borzyskowski has never alleged that he was physically unable to take the test due to any physical disability or disease.

Under sec. 343.305 (1), Stats., any person who drives or operates a motor vehicle is deemed to consent to a test for the purpose of determining that person's blood alcohol content when properly requested to do so by a law enforcement officer. A person is deemed not to have refused the test if it is shown that the refusal was due to a physical inability to submit to the test as a result of physical disability or disease unrelated to the use of alcohol or controlled substances. Sec. 343.305 (3) (b) 5d. This is the only statutory basis provided for refusing to take the test. The statute decrees as a matter of law, therefore, that a refusal for any reason other than the physical inability or disease exception is improper.

While it is true that Borzyskowski did not verbally refuse to take the test, his conduct effectively prevented Officer Sertich from obtaining an accurate breath sample and therefore demonstrated a refusal to take the test. Failure to submit to a breathalyzer test for any reason other than a physical inability to submit to the test is a refusal to take the test. Borzyskowski has never alleged that he suffered from a physical inability to take the test. Through his uncooperative conduct, Borzyskowski failed to correctly perform the test and therefore refused to take it.

Several jurisdictions have considered the question of whether a defendant's conduct which prevents an officer from obtaining a sufficient or accurate sample constitutes a refusal.[2] As the court explained in *Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo. 1975), "[t]he volitional failure to do what is necessary in order that the test can be performed is a refusal." A refusal results because "[i]t is the reality of the situation that must govern, and a refusal in fact, regardless of the words that accompany it, can be as convincing as an express verbal refusal." *Beck v. Cox*, 597 P.2d 1335, 1338 (Utah 1979).

Here, Borzyskowski failed to do what was necessary to obtain a valid, accurate breath sample. According to Borzyskowski, he blew into the machine at least five separate times after he was instructed as to the proper way to blow into the machine. None of his attempts resulted in an accurate sample because he failed to blow properly into the breathalyzer machine. We agree with the trial court that Borzyskowski's conduct demonstrated a refusal to take the test and affirm the order revoking his driver's license.

Finally, Borzyskowski argues that the trial court lost jurisdiction over this refusal action by failing to make the required determinations within five days of the refusal hearing.[3] We conclude that the statutory requirement that these determinations be made within five

---

[2] *See Mathie v. Schwendiman*, 656 P.2d 463, 464–65 (Utah 1982); *Powell v. Cox*, 608 P.2d 239, 241 (Utah 1980); *Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo. 1975); *Department of Motor Vehicles v. Riba*, 520 P.2d 942, 945 (Ct. App. Wash. 1974); *McKenzie v. Bureau of Motor Vehicles*, 306 N.E.2d 197, 199 (Ohio 1973); *Campbell v. Superior Court*, 479 P.2d 685, 696 (Ariz. 1971); *Buda v. Fulton*, 157 N.W.2d 336, 342 (Iowa 1968).

[3] Borzyskowski does not specify whether he is challenging subject matter jurisdiction, personal jurisdiction, or both.

days of the refusal hearing is an administrative directive rather than a jurisdictional requirement. The trial court's failure to render a decision within five days, therefore, did not result in a divestiture of its jurisdiction over the matter.

Section 343.305(8)(b), Stats., requires that at the close of the refusal hearing or within five days thereafter, the court shall determine the issues involved. In this case, the trial court held a refusal hearing on March 26, 1984. After allowing time for the submission of briefs by both parties, the trial court rendered a decision on May 29, 1984.

Borzyskowski does not claim that the trial court lacked jurisdiction at the commencement of the proceedings but claims that the trial court lost jurisdiction after it was fully vested. We disagree.

"Once jurisdiction has attached it continues until final disposition." *State v. Asfoor,* 75 Wis. 2d 411, 424, 249 N.W.2d 529, 534 (1977). *See also State v. Villados,* 520 P.2d 427, 430 (Hawaii 1974). The normal construction of jurisdictional rules includes a presumption that once jurisdiction attaches, it cannot be ousted or lost absent a clear indication of such a purpose. *Daou v. Harris,* 678 P.2d 934, 937 (Ariz. 1984); *City of New York v. Pullman Inc.,* 477 F. Supp. 438, 443 (S.D.N.Y. 1979). Any doubt is resolved in favor of retention of jurisdiction. *Daou* at 937. The divestiture of jurisdiction is a serious matter, and therefore, before a party can claim that a statute has the effect of divesting jurisdiction which has regularly and fully vested, the law in favor of such divestment must be clear and unambiguous. *Villados* at 430. *See also Daou* at 938; *Leo v. Atlas Industries, Inc.,* 121 N.W.2d 926, 927 (Mich. 1963).

Section 343.305(8)(b), Stats., merely directs trial courts to render a decision as to the issues involved

within five days of the refusal hearing. The statute does not indicate that the trial court is divested of its jurisdiction if it fails to comply with the time requirement. The presumption in favor of retention of jurisdiction can be overcome only if the law in favor of divestiture is clear and unambiguous. *See Daou* at 938. Absent a clear and unambiguous indication from the legislature, we will not infer an intent on the part of the legislature to divest the trial court of jurisdiction when the time requirement of sec. 343.305 (8) (b) is not met.

Rather than a jurisdictional requirement, we view the five-day requirement in sec. 343.305 (8) (b), Stats., as an administrative directive by the legislature. The directive is an indication of the legislature's desire for promptness in issuing decisions related to refusal hearings. Here, the delay was due in part to the trial court's desire to receive briefs on the issue of refusal before rendering a decision. The trial court was not divested of its jurisdiction by failing to comply with the time requirement of sec. 343.305 (8) (b).

*By the Court.*—Order affirmed.