[No. 16638-1-II.   Division Two.   September 6, 1995.]

ANDERSON & MIDDLETON LUMBER CO., *Respondent*, v.
QUINAULT INDIAN NATION, *Appellant*.

*Eric J. Nielsen,* for appellant.

*John J. Leary, Jr., James R. Hennessey,* and *Smith & Leary,* for respondent.

SEINFELD, C.J. — The Quinault Indian Nation appeals a trial court order partitioning and quieting title to an eighty-acre parcel of land lying entirely within the boundaries of the Quinault Indian Reservation. The Nation claims that its purchase of an interest in the land after the commencement of this action divested the trial court of subject matter and personal jurisdiction. We conclude that the trial court retained its jurisdiction to decide the case. Thus, we affirm.

## FACTS

Anderson & Middleton Lumber Company (Anderson) brought this action to partition and quiet title to a parcel of property that once was Indian allotment land on the Quinault Indian Reservation. In 1958, the United States issued a fee patent, conveying ownership of the parcel to individuals who were not members of the Quinault tribe. The fee patent removed all restrictions on alienation.

Anderson began acquiring interests in the property and by 1988 it owned an undivided five-sixths interest in the surface estate and a one-half interest in the mineral estate. Ten others acquired the remaining undivided one-sixth interest and the one-half interest in the mineral estate. The United States held two separate one-ninth interests in the mineral estate in trust for two of the ten individuals.

Anderson initiated this litigation on January 15, 1992. On the same day, it filed and recorded a lis pendens. About fifty days later, after filing their answer, the ten others sold their interest to the Quinault Indian Nation (Nation).

The statutory warranty deed stated that the conveyance was "[s]ubject to" this action and to the lis pendens.

After the sale, the ten others moved for their dismissal and the substitution of the Nation in the case. Citing the lis pendens and a letter from the Nation's attorney, the trial court held that the Nation was on notice of the partition action; it then ordered the ten others dismissed and the Nation substituted. It also ordered that Anderson serve a copy of the order upon the Nation. Subsequently, the Nation filed a notice of special appearance.

Anderson moved for summary judgment, and the Nation moved for dismissal for lack of personal and subject matter jurisdiction and for failure to join an indispensable party, the United States. The trial court initially denied Anderson's motion. On reconsideration it granted Anderson's motion for summary judgment and denied the Nation's motion to dismiss, concluding that it had in rem jurisdiction, that the Nation had waived its immunity, and that as this was an action to quiet title to the surface estate only, the United States was not an indispensable party.

The Nation appeals, arguing that the trial court erred in concluding that it had jurisdiction over the Nation's interest in the property. Although Anderson did not file a cross-appeal or move for dismissal, it argues that the trial court's ruling was not a final judgment appealable as a matter of right under RAP 2.2.

## I

### Form of Appeal

Anderson supports its claim that this matter is not appealable as a matter of right under RAP 2.2 with an assertion that the trial court did not fully resolve the issues, did not enter a final judgment, and did not make a ruling that either discontinued the action or prevented a final judgment from occurring in the future following additional proceedings. Anderson does not, however, provide specifics as to any of these allegations.

■■ A final judgment is a judgment that ends the litigation, leaving nothing for the court to do but execute the judgment. *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633, 89 L. Ed. 911 (1945) (quoted by *In re Greenlaw*, 67 Wn. App. 755, 759, 840 P.2d 223 (1992), *reversed on other grounds*, 123 Wn.2d 593, 869 P.2d 1024 (1994)). The trial court ordered partition of the surface of the subject property consistent with RCW 7.52. This is a final judgment appealable as a matter of right.

## II
### Jurisdiction

The Nation asserts that the trial court lacked both personal and subject matter jurisdiction, and thus that Anderson was not entitled to judgment as a matter of law. It contends that it did not waive its sovereign immunity merely by purchasing the property, and that the trial court could not obtain personal jurisdiction absent its waiver of sovereign immunity. We do not separately address the issue of waiver because we find that the trial court had jurisdiction from the outset.

■ The trial court granted summary judgment to Anderson. Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach*, 98 Wn.2d 434, 656 P.2d 1030 (1982). The appellate court reviewing a motion for summary judgment engages in the same inquiry as the trial court. *Blenheim v. Dawson & Hall, Ltd.*, 35 Wn. App. 435, 439, 667 P.2d 125, *review denied*, 100 Wn.2d 1025 (1983). As this case does not involve a factual dispute, we consider whether Anderson was entitled to judgment as a matter of law.

The Nation does not dispute that the trial court had jurisdiction at the outset over both the subject matter and the original parties—Anderson and the 10 others. *See* RCW 4.28.020. Anderson, an owner of real property as a tenant in common, properly brought this action for partition and to quiet title. RCW 7.52.010; *Margat v. Fierce*, 35

Wn. App. 264, 266, 666 P.2d 386 (1983); RCW 7.28.010. It also filed a lis pendens to provide notice to those who might subsequently deal with the property that the outcome of the action would bind them as if they were a party. RCW 4.28.320; *R.O.I., Inc. v. Anderson*, 50 Wn. App. 459, 462, 748 P.2d 1136 (1988). The superior court had jurisdiction to hear and determine these matters. Wash. Const. art. IV, § 6.

■ Not only did the trial court have jurisdiction over the matter at the outset, it retained its jurisdiction. According to well-settled law, once jurisdiction attaches, it continues until final disposition and no subsequent change of the parties can affect it. *Hardenbergh v. Ray*, 151 U.S. 112, 118, 14 S. Ct. 305, 38 L. Ed. 93 (1894); *Mollen v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L. Ed. 154 (1824); *Explosives Corp. of Am. v. Garlam Enters. Corp.*, 817 F.2d 894, 906 (1st Cir.), *cert. denied*, 484 U.S. 925 (1987); *Minnesota Mining & Mfg. Co. v. Eco Chem., Inc.*, 757 F.2d 1256, 1262-63 (1985); *State v. Villados*, 55 Haw. 394, 396-98, 520 P.2d 427, 430 (1974); *Silver Surprize, Inc. v. Sunshine Mining Co.*, 74 Wn.2d 519, 523, 445 P.2d 334 (1968); *Village of Elkhart Lake v. Borzyskowski*, 123 Wis. 2d 185, 192-94, 366 N.W.2d 506, 510 (1985).

The Nation suggests that this principle does not apply to an Indian tribe that is otherwise immune from suit. *See North Sea Prods., Ltd. v. Clipper Seafoods Co.*, 92 Wn.2d 236, 241, 595 P.2d 938 (1979). However, none of the cases it cites deal with the issue here. Thus, it appears that this is a case of first impression.

We do find authority holding that a court continues to have jurisdiction over a substituted party although it might not have been able to acquire jurisdiction over that party initially. For example, a substituted party's lack of contacts with the forum did not prevent a trial court from retaining in personam jurisdiction where the substituted party had an opportunity to challenge its joinder or substitution. *Explosives Corp.*, 817 F.2d at 906; *Clarke v. Mathewson*, 37 U.S. (2 Pet.) 164, 9 L. Ed. 1041 (1838) (after

jurisdiction attaches, change of a party's residence does not defeat jurisdiction; once jurisdiction has attached, it cannot be divested absent something changing the primary interests of the case); *Minnesota Mining*, 757 F.2d at 1262-63 (successor in interest who voluntarily steps into shoes of its predecessor assumes obligations of predecessor's pending litigation if court properly exercised jurisdiction over predecessor and if successor is properly served).

█ CR 25 provides that in the case of a transfer of interest, the action may continue against the original party, or upon motion, the court may direct substitution or joinder of the transferee. CR 25(c). The party to be substituted must be served with the notice of the motion hearing along with a copy of the motion. CR 25(a)(1).[1] Whether or not the transferee is made a party, it will be bound by an adverse judgment for its rights are no better than those of its transferor's. *Democratic Nat'l Comm. v. McCord*, 416 F. Supp. 505 (D.C. Cir. 1976); 3B James W. Moore, *Moore's Federal Practice* ¶ 25.08 (2d ed. 1991).

When, as a result of the transfer of their interest in the property, the ten others moved to be dismissed and to substitute the Nation, the trial court properly directed Anderson to serve a copy of the order on the Nation. Anderson's service of process did not comport perfectly with the procedure in CR 25(a)(1). Nonetheless, we agree with the trial court that the Nation received adequate notice to meet minimum due process requirements. It had the opportunity to appear and contest the substitution; it did not do so. As a result, the Nation was properly substituted as the defendant in the action and jurisdiction, properly acquired at the outset, continued. We note, however, that even if the trial court erred in substituting in the Nation, the Nation still would be bound by the outcome pursuant to the authority cited above.

The Nation also contends that the court lacked subject matter jurisdiction to try the case. In support of this

---

[1]This rule and its procedure is identical to Fed. R. Civ. P. 25.

contention, it argues that the indian nonintercourse act (the Act), 25 U.S.C. § 177, precludes state court action affecting the ownership of tribal property. The Nation asserts that when it reacquired an interest in the property, that interest again became subject to the Act.

■ But the Act provides that when the federal government approves the alienation of Indian land, and its Indian owner subsequently alienates it, the land's status does not change upon its reacquisition by the tribe. *Lummi Indian Tribe v. Whatcom County, Wash.*, 5 F.3d 1355, 1359 (9th Cir. 1993), *cert. denied*, 114 S. Ct. 2727 (1994). Moreover, upon the removal of restraints against alienation, the protections of the Act no longer apply. *Lummi*, 5 F.3d at 1395.

The conveyance of the subject property to an Indian allottee at the expiration of the twenty-five-year trust period removed the restraints on alienation. Thereafter the property was transferred from the Indian allottee to a succession of non-Indian owners, thereby removing it from the protections of the Act. The Nation's argument that the court lacked subject matter jurisdiction, therefore, fails.

The Nation also argues that the court lacked jurisdiction because of a failure to join an indispensable party, the United States. All owners of an interest in property are presumably indispensable parties to an action involving that property. *Margat*, 35 Wn. App. at 267. Failure to join an indispensable party requires the dismissal of an action to quiet title. *Margat*, 35 Wn. App. at 267.

The Nation contends that Anderson's failure to join the United States, the equitable owner of an interest in the mineral rights, mandates dismissal. The United States holds a one-ninth interest as trustee for Theodora Hansen and a one-ninth interest as trustee for Star Peterson. In its complaint Anderson did not specify that it sought to partition the surface rights only.

■ Although the United States is an indispensable

party in litigation regarding the *subsurface* rights, it is not an indispensable party where the *surface* rights are concerned because the United States has no interest in that part of the property. When Anderson filed its response to the Nation's motion to dismiss, it specified that it was pursuing the partition action to obtain partition of the surface rights only. It thereby clarified the purpose of the lawsuit.

The trial court had the authority to consider the pleadings as amended by the evidence. CR 15(b). It did so, partitioning only the *surface* rights. Thus, we conclude that the action was limited to determination of the *surface* rights and that the trial court joined all indispensable parties in that action. Thus, the court did not err in denying the motion to dismiss for failure to join the United States.

We affirm.

MORGAN and WIGGINS, JJ., concur.

Review granted at 128 Wn.2d 1021 (1996).