[No. 73282-5.   En Banc.]

Argued October 22, 2003.      Decided December 11, 2003.

THE STATE OF WASHINGTON, *Respondent*, v. GUY A. TAYLOR, *Petitioner*.

*Mark D. Mestel*, for petitioner.

*Edward G. Holm, Prosecuting Attorney*, and *Steven C. Sherman, Deputy*, for respondent.

*Neil M. Fox* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae.

ALEXANDER, C.J. — The issues presented in this case are (1) whether the dismissal of a criminal prosecution without prejudice is a final appealable order and (2) whether an individual may seek discretionary review of an order dismissing his or her criminal prosecution without prejudice. We agree with the Court of Appeals that the answer to these questions is no, and, therefore, affirm its decision.

I

In January 2001, Larry J. Harris was arrested for growing marijuana at a home he was renting in Thurston County. Harris informed the investigating officers that his landlord, Guy A. Taylor, hired him to live in the house and grow the marijuana. The State thereafter charged Harris and Taylor separately in Thurston County Superior Court with unlawful manufacture of a controlled substance.

On May 9, 2001, 26 days before the expiration of Taylor's speedy trial date,[1] the State moved, without notice to Taylor, to dismiss the charge against him. The State sought a dismissal because Harris was not available to testify, which left the State with insufficient evidence to prove beyond a reasonable doubt that Taylor was guilty of the charge. The trial court granted the State's motion.

Taylor then filed an appeal with Division Two of the Court of Appeals. That court held that an order dismissing a prosecution without prejudice is not a final judgment appealable by either party, and that Taylor was not an aggrieved party with a right to seek discretionary review. *State v. Taylor*, 114 Wn. App. 124, 126, 56 P.3d 600 (2002), *review granted*, 149 Wn.2d 1017, 72 P.3d 762 (2003).

Thereafter, Taylor filed a motion for discretionary review with this court arguing that Division Two's decision was in direct conflict with an opinion from Division One of the Court of Appeals, *State v. Rock*, 65 Wn. App. 654, 829 P.2d 232, *review denied*, 120 Wn.2d 1004, 838 P.2d 1143 (1992). We granted review.

## II

### *Appealable Judgment*

■■ A party may appeal a final judgment or any final order made after judgment which affects a substantial right. Rules of Appellate Procedure (RAPs) 2.2(a)(1), (13). In a criminal proceeding, a final judgment " 'ends the litigation, leaving nothing for the court to do but execute the judgment.' " *In re Det. of Petersen*, 138 Wn.2d 70, 88, 980 P.2d 1204 (1999) (quoting *Anderson & Middleton Lumber Co. v. Quinault Indian Nation*, 79 Wn. App. 221, 225, 901 P.2d 1060 (1995), *aff'd*, 130 Wn.2d 862, 929 P.2d 379 (1996)). *See also State v. Siglea*, 196 Wash. 283, 285, 82 P.2d

---

[1] Taylor was not in custody pending trial. Per Washington Criminal Rules for Superior Court (CrR) 3.3(c)(1) (2001), a defendant released from jail, whether or not subjected to conditions of release pending trial, must be brought to trial no later than 90 days after the date of his or her arraignment date.

583 (1938) ("As a prerequisite to an appeal in a criminal case, there must be a final judgment terminating the prosecution of the accused and disposing of all matters submitted to the court for its consideration and determination."); *State v. Liliopoulos*, 165 Wash. 197, 199, 5 P.2d 319 (1931).

Definitions included in the RAPs are controlling, but in the absence of a provided definition, this court will give a term its plain and ordinary meaning ascertained from a standard dictionary. *See State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002). The term "final judgment" is not defined in the RAP. Therefore, we turn to *Black's Law Dictionary*, which provides the following definition: "A court's last action that settles the rights of the parties and disposes of all issues in controversy, except for the award of costs (and, sometimes, attorney's fees) and enforcement of the judgment." BLACK'S LAW DICTIONARY 847 (7th ed. 1999).

■ In our view, an order of dismissal without prejudice does not fit within this court's definition of "final judgment," nor does it fit under *Black's* definition. We say that because an order of dismissal without prejudice in a criminal matter does not bar the State from refiling charges against the defendant within the applicable statute of limitations. Because the legal and substantive issues are generally not resolved when a dismissal without prejudice is ordered, there is a lack of finality. An order of dismissal without prejudice " 'leaves the matter in the same condition in which it was before the commencement of the prosecution.' " *State v. Corrado*, 78 Wn. App. 612, 615, 898 P.2d 860 (1995) (quoting 12 ROYCE A. FERGUSON, JR., WASHINGTON CRIMINAL PRACTICE & PROCEDURE § 2218 (1984)).

We agree with Division Two's rejection of Division One's decision in *Rock*. For its holding, the *Rock* court improperly relied on *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986), in which this court reviewed an order of dismissal without prejudice appealed by the State. The *Rock* court erred when it concluded that "[n]o reason appears why, if the State's appeal is proper, a defendant's appeal would be

improper." *Rock*, 65 Wn. App. at 657-58. The *Rock* opinion fails to recognize that per RAP 2.2(b)(1), the State or local government may appeal a decision that dismisses an indictment or information. Thus, it was proper for us to accept review of the *Knapstad* case. The RAPs provide no similar rule for the individual whose criminal charges have been dismissed without prejudice. The *Rock* court's assumption, therefore, was unfounded.

## Aggrieved Party

In the alternative, Taylor claims that he is an aggrieved party who may seek discretionary review from this court per RAP 3.1. We have defined "aggrieved party" as one whose personal right or pecuniary interests have been affected. *State ex rel. Simeon v. Superior Court*, 20 Wn.2d 88, 90, 145 P.2d 1017 (1944). An aggrieved party is not one whose feelings have been hurt or one who is disappointed over a certain result.

In our judgment, Taylor is not currently an aggrieved party. Until the State refiles charges against Taylor, if indeed it does, he is under no restriction, and he has the benefit of a running statute of limitations. We cannot conclude, therefore, that he has been injured in any legal sense. The dismissal without prejudice might also be viewed as a favorable result for Taylor because the charge against him has been dismissed. It would be illogical for us to hold that he has been injured by the order of dismissal without prejudice or that his personal rights have been affected. Therefore, we conclude that discretionary review is not appropriate at this time.[2]

---

[2] Taylor argued to the court below that the State's conduct in presenting the motion to dismiss without prior notice to Taylor was violative of due process. Although we frown upon ex parte contacts, this issue will not be reviewed because it was not properly presented to this court. *See* RAP 13.7(b); *Wood v. Postelthwaite*, 82 Wn.2d 387, 389, 510 P.2d 1109 (1973) (this court does not have to consider issues that are not raised in the petition for review or the answer to the petition for review).

The issue was raised by the Washington Association of Criminal Defense Lawyers in its amicus curiae brief. We do not, however, address issues raised only

## III

An order dismissing a criminal prosecution without prejudice is not a final appealable order per RAP 2.2. Further, an individual whose criminal prosecution was dismissed without prejudice is not an aggrieved party who may seek discretionary review of the dismissal.

Therefore, we affirm the Court of Appeals on all grounds.

JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.

[No. 73310-4.   En Banc.]
Argued October 21, 2003.    Decided December 11, 2003.

by amicus. *Citizens for Responsible Wildlife Mgmt. v. State*, 149 Wn.2d 622, 631, 71 P.3d 644 (2003).