# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SHARON LASKA and JOSEPH WALSH, husband and wife; PETER LUX and JENNIFER LUX, husband and wife; DONALD SORENSEN and SUSAN SORENSEN, husband and wife, | No. 49335-7-II |
| | Consolidated with |
| Respondents, | No. 49445-1-II |
| v. | |
| MAOLEI ZHU and YONGJIE HUANG, husband and wife, | UNPUBLISHED OPINION |
| Appellants. | |

WORSWICK, J. — Maolei Zhu, a self-represented appellant, purchased a lot in a residential development subject to restrictive covenants. One covenant states that an initial building on a residential lot must be greater than 900 square feet in area. Zhu built two buildings on his lot, a storage shed and a water pump house, which were each less than 900 square feet. Sharon Laska and several of Zhu's other neighbors (collectively, the "Neighbors") filed a complaint for declaratory judgment and permanent injunction to declare that Zhu was violating the restrictive covenants and to permanently enjoin Zhu from building any additional structures until he complied with the covenants. The trial court granted a permanent injunction and entered a declaratory judgment.

No. 49335-7-II;
Cons. with No. 49445-1-II

Zhu appeals the permanent injunction and the declaratory judgment, arguing that (1) the trial court violated the summary judgment civil rule, (2) the trial court violated the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201, (3) the trial court erred in admitting evidence because it (a) violated multiple rules of evidence and (b) was biased, (4) the trial court improperly judged the credibility of his testimony, (5) the trial court erred in finding that he violated the restrictive covenants because (a) its finding was not supported by substantial evidence and (b) it improperly interpreted the term "building," (6) the trial judge violated multiple codes of judicial conduct, (7) the Neighbors' counsel tampered with evidence, and (8) the trial court violated his due process rights. We affirm the declaratory judgment and the permanent injunction.

FACTS

Zhu purchased an undeveloped lot in the Roberson Estates neighborhood in May 2014. Zhu's lot in the Roberson Estates is subject to restrictive covenants. Paragraph 6 of the restrictive covenants states:

> No building shall be erected, altered, placed or permitted to remain on any one single parcel other than one detached single-family dwelling, one guest house, one attached or detached private garage and other accessory buildings. The initial building shall not be less than 900 square feet in area. All buildings shall be of permanent non-mobile construction, and the work of construction from the commencement of construction until the exteriors thereof are completed and painted or otherwise suitably finished, which shall in any event occur no later than 12 months after the commencement of construction.

Ex. 1, at 1.

Zhu began living in a recreational vehicle on the lot in March 2015. In April, Zhu constructed a storage shed on the property. The shed was initially one story, measuring

2

approximately 20 feet by 20 feet, for a total area of approximately 400 square feet. In June, the Neighbors retained an attorney who sent Zhu a letter informing him that the storage shed violated the restrictive covenants and Clallam County building code.

By August, Zhu proceeded to add a second story to the storage shed, making the shed approximately 800 square feet in area. In October, Zhu constructed a water pump house to obtain water from the well on the property. The water pump house is approximately 100 square feet in area. Later in October, Zhu received a notice from Clallam County that his storage shed violated a county building code. The code required a permit for any building greater than 400 square feet. The water pump house was not in violation of any county code because it was smaller than 400 square feet in area.

In December, the Neighbors retained another attorney who again sent Zhu a letter notifying him that the storage shed and water pump house violated the restrictive covenants because they were each less than 900 square feet in area. The letter also notified Zhu that the Neighbors intended to initiate legal action if Zhu did not comply with the restrictive covenants. Zhu continued construction on the property, attaching a tarp to the side of his storage shed that covered an adjacent concrete pad.

In April 2016, the Neighbors filed a complaint for declaratory judgment and permanent injunction. The Neighbors sought a declaration that Zhu had violated the restrictive covenants and an order requiring Zhu to remove both the storage shed and the water pump house because they violated the restrictive covenants. Later that month, Zhu removed the second story of the storage shed. Clallam County closed the code violation complaint against Zhu after he removed

the second story of the storage shed because the building was no longer greater than 400 square feet in area and did not violate any building codes.

The trial court held a hearing on the temporary restraining order on April 15, 2016. At the hearing, Zhu argued that the storage shed did not violate the restrictive covenants because he had two storage areas, the storage shed and the concrete pad below the tarp attached to the shed, which totaled 1,000 square feet in area. The trial court disagreed, stating that "I don't think that the CCRs are interpreted such that you get to aggregate all the different structures together to determine what the size of the building is." Verbatim Report of Proceedings (VRP) (April 15, 2016) at 18. The trial court then issued a temporary restraining order that enjoined Zhu from continuing any active construction on his property. Soon after, Zhu removed the remainder of the storage shed, and he contracted to begin building a single family home on the property. Zhu did not remove the water pump house.

The trial court held its hearing on the Neighbors' complaint for declaratory judgment and injunctive relief on June 15. At the hearing, Laska testified to the above facts. The Neighbors admitted several photographs of Zhu's property that had been taken throughout the construction of both the storage shed and the water pump house. Zhu did not object to any of the photographs. The Neighbors also filed affidavits detailing the square footage of the storage shed and the water pump house. Zhu did not object to the admission of the affidavits.

Zhu testified in his defense and argued that his storage shed did not violate the restrictive covenants because the shed itself, the area under the eaves of the shed, and the concrete pad

under the tarp attached to the shed totaled 1,100 square feet in area. Zhu also argued that the

shed itself was more than 900 square feet because there had been a third story.[1]

Following Laska's and Zhu's testimony, the trial court stated,

> And at [the temporary restraining order] hearing, the presentation was -- of Mr. Zhu, was premised upon his belief that you could count multiple buildings, the 900 square feet could -- they could -- all buildings could be aggregated to equal that. That position has changed now.
>
> Now, the representation is that he misread the document that -- the covenants he was attempting to comply with, not only that, but the County's building code which is different.

VRP (June 15, 2016) at 153.

The trial court then granted a permanent injunction and entered a declaratory judgment in

a document entitled "Order Granting Declaratory Judgment and Injunctive Relief." In its order,

the trial court found that Zhu violated paragraph 6 of the restrictive covenants by building both

the storage shed and the water pump house without first constructing a building greater than 900

square feet in area. The trial court also permanently enjoined and restrained Zhu from

continuing any construction on his property, other than the home, until the construction of his

home was complete. The order allowed the water pump house on Zhu's property so long as Zhu

obtained a certificate of occupancy for his home by December 31, 2016. Zhu appeals.

---

[1] Zhu appears to have argued that the third story was between the rafters on the second story and the roof of the shed.

No. 49335-7-II;
Cons. with No. 49445-1-II

## ANALYSIS

### I. GENUINE ISSUE OF MATERIAL FACT

Zhu argues that the trial court violated the Federal Rule of Civil Procedure concerning summary judgment because there was a genuine issue of material fact regarding the size of his storage shed. However, neither Zhu nor the Neighbors filed a motion for summary judgment. Generally, we do not review a matter on which the trial court did not rule. *Meresse v. Stelma*, 100 Wn. App. 857, 867, 999 P.2d 1267 (2000); *see* RAP 2.4(a). Because a motion for summary judgment was not filed in the trial court and because the Order Granting Declaratory Judgment and Injunctive Relief was not based on a summary proceeding, the summary judgment rules do not apply.

### II. FEDERAL DECLARATORY JUDGMENT ACT

Zhu also argues that the trial court erred in ordering declaratory judgment because it violated the Federal Declaratory Judgment Act. We do not review this issue.

The Federal Declaratory Judgment Act authorizes a federal court to order declaratory judgment only with "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). The Federal Declaratory Judgment Act is limited to those cases which would otherwise be within the jurisdiction of the federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72, 70 S. Ct. 876, 94 L. Ed. 1194 (1950). Accordingly, the Federal Declaratory Judgment Act does not apply to cases before Washington trial courts. Thus, we do not review this issue.

6

No. 49335-7-II;
Cons. with No. 49445-1-II

III. ADMISSION OF EVIDENCE

Zhu also argues that the trial court erred in admitting evidence because it (a) violated multiple rules of evidence during its hearing on the Neighbors' complaint for declaratory judgment and injunctive relief and (b) was biased in admitting evidence at the temporary restraining order hearing. We do not review Zhu's claims because they are not preserved for appeal or no evidence was offered.

A. *Violations of the Rules of Evidence*

Zhu first argues that the trial court violated multiple rules of evidence.[2] Specifically, Zhu argues that the trial court violated (1) Fed. R. Evid. 104 by admitting evidence where the relevancy of that evidence depended on a fact not established at the hearing, (2) Fed. R. Evid. 403 by admitting relevant and prejudicial evidence, and (3) Fed. R. Evid. 702 by excluding expert witness testimony regarding the Clallam County building code definition of "building area."[3] Zhu failed to preserve these issues for appeal.

---

[2] Because Washington courts treat the federal rules of evidence as persuasive authority, we resolve Zhu's argument by proceeding with an analysis of the Washington rules of evidence. *See Farrow v. Alfa Laval, Inc.*, 179 Wn. App. 652, 662, 319 P.3d 861 (2014).

[3] Zhu also argues that the trial court violated Fed. R. Evid. 301 by allowing the burden of persuasion to shift to him during the hearing on the Neighbors' complaint for declaratory judgment and injunctive relief. Fed. R. Evid. 301 states that "[i]n a civil case . . . the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which remains on the party who had it originally." Despite this, Washington has not adopted an evidence rule addressing presumptions. *In re Estate of Langeland*, 177 Wn. App. 315, 324, 312 P.3d 657 (2013). Accordingly, Zhu's argument fails.

To preserve an evidentiary error for appeal, a party must make a timely objection. ER 103(a)(1); *State v. Thomas*, 150 Wn.2d 821, 856, 83 P.3d 970 (2004), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). Accordingly, the failure to object to the admittance or exclusion of evidence precludes raising the issue on appeal. *Thomas*, 150 Wn.2d at 856. Additionally, we generally will not review a matter on which the trial court did not rule. *Meresse*, 100 Wn. App. at 867; *see* RAP 2.4(a).

Zhu argues that the trial court erred in admitting a number of pictures of his and his neighbors' properties because the pictures were not relevant to determining the size of his storage shed and because the pictures were prejudicial. Zhu did not object to the admission of any of the photos during the hearing. Accordingly, Zhu failed to timely object, and he failed to preserve these issues for appeal.

In addition, Zhu argues that the trial court erred in excluding evidence of his e-mail communications with code enforcement officials. However, Zhu did not offer to admit evidence of his e-mail communications with code enforcement officials at the hearing. Because Zhu did not offer to admit this evidence, there is no evidentiary error for us to review.

B.    *Bias in Admitting Evidence*

Next, Zhu argues that the trial court was biased in admitting evidence presented at the hearing for the *temporary* restraining order because it admitted the Neighbors' prejudicial evidence and ignored Zhu's evidence. Under RAP 2.2(a)(1), a party may appeal only a trial court's final judgment. "'A final judgment is a judgment that ends the litigation, leaving nothing for the court to do but execute the judgment.'" *In re Det. of Petersen*, 138 Wn.2d 70, 88, 980

P.2d 1204 (1999) (quoting *Anderson & Middleton Lumber Co. v. Quinault Indian Nation*, 79 Wn. App. 221, 225, 901 P.2d 1060 (1995), *aff'd*, 130 Wn.2d 862, 929 P.2d 379 (1996)). Accordingly, a permanent injunction, and not the temporary restraining order, is the final judgment. RCW 7.40.020. Because the trial court's permanent injunction is a final judgment, Zhu cannot appeal the temporary restraining order.[4] Therefore, Zhu cannot raise this claim on appeal.

## IV. CREDIBILITY OF TESTIMONY[5]

Zhu also argues that the trial court improperly judged the credibility of his testimony regarding the area of the storage shed because the trial court did not believe his evidence and because the trial court noted that he argued different positions. This argument fails.

We do not review a trial court's credibility determinations. *Recreational Equip., Inc. v. World Wrapps Nw., Inc.*, 165 Wn. App. 553, 568, 266 P.3d 924 (2011). The trial court is in a better position to assess witness credibility, and we will not substitute our judgment for that of the trial court. *Fisher Props., Inc. v. Arden-Mayfair, Inc.*, 115 Wn.2d 364, 369-70, 798 P.2d 799 (1990).

---

[4] Further, a temporary restraining order merges with a permanent injunction, rendering questions regarding the propriety of the temporary order moot. *State ex rel. Carroll v. Simmons*, 61 Wn.2d 146, 149, 377 P.2d 421 (1962).

[5] Without legal analysis or evidence, Zhu also argues that the trial court's order is the result of fraud. However, Zhu's argument goes toward the trial court's assignment of weight and credibility to evidence presented at the hearing on the declaratory judgment and permanent injunction.

At the hearing on the Neighbors' complaint for declaratory judgment and injunctive relief, Zhu argued that his storage shed did not violate the restrictive covenants because the shed itself, as well as the area under the eaves of the shed and the area under the tarp attached to the shed, totaled 1,100 square feet in area. Zhu also argued that the shed itself was more than 900 square feet because a third story existed above the rafters. Following Zhu's testimony, the trial court noted that Zhu's approach in calculating the square footage of the storage shed differed from his approach at the temporary restraining order hearing.

Because we do not review a trial court's credibility determinations,[6] we do not review Zhu's argument.

## V. VIOLATION OF THE RESTRICTIVE COVENANTS

Zhu also argues that the trial court erred in entering declaratory judgment because (a) the court's finding that his storage shed was less than 900 square feet in area was not supported by substantial evidence and (b) the court improperly interpreted the term "building." We disagree.

A.      *Substantial Evidence*

Ordinary rules of appellate procedure apply to an appeal from a declaratory judgment. *See* RCW 7.24.070. In reviewing a declaratory judgment, we must determine whether substantial evidence supports the trial court's findings of fact. *Buck Mountain Owners' Ass'n v. Prestwich*, 174 Wn. App. 702, 713, 308 P.3d 644 (2013). "'Substantial evidence is evidence in

---

[6] While the trial court did not make specific findings regarding Zhu's credibility, the findings in favor of the Neighbors implicitly show that the trial court found Zhu's testimony to be less credible.

sufficient quantum to persuade a fair-minded person of the truth of the declared premise.'" 174

Wn. App. at 713 (quoting *Ridgeview Props. v. Starbuck*, 96 Wn.2d 716, 719, 638 P.2d 1231

(1982)). In determining whether substantial evidence supports the trial court's findings of fact,

we must consider only evidence that is favorable to the prevailing party. 174 Wn. App. at 713.

Zhu's lot is subject to restrictive covenants. Paragraph 6 of the restrictive covenants

states that "[n]o buildings shall be erected, altered, placed or permitted to remain on any one

single parcel other than one detached single-family dwelling . . . and other accessory buildings.

The initial building shall not be less than 900 square feet in area." Ex. 1, at 1.

The Neighbors filed affidavits detailing the size of both the storage shed and the water

pump house. The affidavits noted that the storage shed was approximately 800 square feet in

area. In addition, Zhu testified at the hearing that the first building that he constructed on his

property was a storage shed. The shed had two stories and totaled 800 square feet in area. Zhu

also testified that the foundation of the shed measured 20 feet by 20 feet. However, Zhu argued

that his storage shed did not violate the restrictive covenants because the shed itself, the area

under the eaves of the shed, and the concrete pad under the tarp attached to the shed totaled

1,100 square feet in area. Following the hearing, the trial court ordered declaratory judgment

and injunctive relief. In its order, the trial court found that Zhu violated paragraph 6 of the

restrictive covenants because the initial building he constructed on his property, the storage shed,

was less than 900 square feet in area.

In addition to other evidence, such as witness testimony and photographs, Zhu himself testified that the foundation of the storage shed measured 20 feet by 20 feet. Because the storage shed was two stories, the shed measured 800 square feet in area. As a result, substantial evidence supports the trial court's finding that the storage shed was less than 900 square feet in area. Therefore, the trial court did not err in ordering declaratory judgment.

B.     *Interpretation of "Building"*

Zhu also argues that the trial court misinterpreted the term "building" in the restrictive covenants in concluding that the storage shed was only 800 square feet in area.[7] Specifically, Zhu suggests that the area under the tarp attached to his storage shed and the area under the eaves of the shed should be included in calculating the square footage of a building.[8] We disagree.

The interpretation of language contained in a restrictive covenant is a question of law we review de novo. *See Halme v. Walsh*, 192 Wn. App. 893, 906, 370 P.3d 42 (2016). We apply the rules of contract interpretation in determining the meaning of a restrictive covenant. 192 Wn. App. at 906. The primary goal in interpreting a contract is to give effect to the drafter's intent. 192 Wn. App. at 906. In determining the drafter's intent, we give the covenant language its

---

[7] Zhu also appears to argue that the court's conclusion that the storage shed was less than 900 square feet in area was based on falsified evidence. However, the trial court's conclusion is based on its construction of the restrictive covenants.

[8] Zhu seems to suggest that the restrictive covenants should be interpreted using the Clallam County building code definitions. The Clallam County building codes and the restrictive covenants are different, but Zhu must abide by both. Accordingly, the restrictive covenants are not required to harmonize with the county's building codes.

ordinary and common use and will not construe the terms in such a way so as to defeat its plain and obvious meaning. 192 Wn. App. at 906.

Paragraph 6 of the restrictive covenant states:

No building shall be erected, altered, placed or permitted to remain on any one single parcel other than one detached single-family dwelling, one guest house, one attached or detached private garage and other accessory buildings. The initial building shall not be less than 900 square feet in area. All buildings shall be of permanent non-mobile construction, and the work of construction from the commencement of construction until the exteriors thereof are completed and painted or otherwise suitably finished, which shall in any event occur no later than 12 months after the commencement of construction.

Ex. 1, at 1.

The plain language of the restrictive covenant states that all buildings must be permanent and must not be mobile. As a result, the area under the tarp cannot be considered a building because it is not permanent, and it is mobile in construction. Because the area under the tarp is not a building, the storage shed was only 800 square feet in area.[9] Accordingly, the trial court did not misinterpret the term "building" in determining that the area of the initial building consisted only of the storage shed and was only 800 square feet.

## VI. CODE OF JUDICIAL CONDUCT

Zhu also argues that the trial judge violated Rule 2.3 and Rule 2.4 of the code of judicial conduct, which requires a judge to perform his duties without bias or prejudice and prohibits a judge from allowing relationships to influence his judicial conduct or judgment. We disagree.

---

[9] Zhu does not argue that the area under the eaves of the shed, in addition to the area of the shed itself, is greater than 900 square feet in area. He argues only that the areas of the shed, the eaves, *and under the tarp* total more than 900 square feet.

"The test for determining whether a judge's impartiality might reasonably be questioned is an objective one that assumes the reasonable person knows and understands all the relevant facts." *In re Estate of Hayes*, 185 Wn. App. 567, 607, 342 P.3d 1161 (2015). A judge is presumed to perform his functions regularly and properly without prejudice or bias. 185 Wn. App. at 607. A party asserting that a judge violated the code of judicial conduct must produce sufficient evidence demonstrating bias. 185 Wn. App. at 607. Mere speculation is not enough. 185 Wn. App. at 607.

Here, Zhu fails to present any evidence, let alone argument, showing that the trial judge was biased in performing his duties or that any relationship with the Neighbors' counsel influenced the judge's conduct.[10] Zhu's allegations appear to arise solely from the fact that the trial court ruled against him. Accordingly, Zhu's claim appears to be based on mere speculation, and Zhu fails to produce sufficient evidence demonstrating the trial judge's bias. As a result, Zhu's claim fails.

## VII. TAMPERING WITH EVIDENCE

Zhu also argues that the Neighbors' counsel violated RCW 9A.72.150[11] by tampering with pictures of Zhu's property. Zhu's argument is difficult to decipher, but Zhu appears to

---

[10] Zhu states that the trial court "made contradictory statements in the rulings regarding the applicable law" and that the trial court was "creating [its] own law to govern the alleged building to make sure it was less than 900 square feet." Br. of Appellant at 15, 16. An independent review of the record does not suggest that the trial court was biased in its conduct or judgment.

[11] RCW 9A.72.150(1) provides that "[a] person is guilty of tampering with physical evidence if, having reason to believe that an official proceeding is pending or about to be instituted and acting without legal right or authority, he or she . . . [d]estroys, mutilates, conceals, removes, or alters physical evidence . . . or . . . [k]nowingly presents or offers any false physical evidence."

argue that the Neighbors' counsel tampered with evidence by presenting "pictures that he knew were false." Br. of Appellant at 43. This claim fails.

Zhu fails to present evidence or argument showing that the pictures the Neighbors' counsel presented were false. In addition, Zhu does not argue that the pictures resulted in error or prejudice requiring reversal of the declaratory judgment and permanent injunction. Moreover, even if Zhu were able to show that the Neighbors' counsel violated RCW 9A.72.150, a violation of the statute alone is not grounds for reversal on appeal. Zhu's claim fails.

## VIII. DUE PROCESS VIOLATIONS

Lastly, Zhu's argument is unclear, but he appears to argue that the trial court violated his due process rights by granting a permanent injunction and ordering declaratory judgment.[12] We do not review this issue.

Zhu argues that his due process rights were violated, but he provides no authority for his argument, and he does not argue how his due process rights were violated. "'Parties raising constitutional issues must present considered arguments to this court. . . . [N]aked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.'" *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992) (quoting *In re Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986)). Moreover, "'[w]ithout adequate, cogent argument and

---

[12] He argues that (1) the trial court forced testimony upon him and collaborated with the Neighbors by saying that he changed his story and (2) the trial court granted the restraining order without evidence. In his issues presented, Zhu also argues that the trial court was not authorized to order the destruction of his water pump house. Zhu's argument regarding the trial court's authority mentions only due process violations. As a result, we resolve Zhu's argument by analyzing the alleged due process violation.

No. 49335-7-II;
Cons. with No. 49445-1-II

briefing, this court should not consider an issue on appeal.'" *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wn.2d 781, 808, 225 P.3d 213 (2009) (quoting *Schmidt v. Cornerstone Invs., Inc.*, 115 Wn.2d 148, 160, 795 P.2d 1143 (1990)). Therefore, we do not consider this issue.

CONCLUSION

We affirm the declaratory judgment and the permanent injunction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Johanson, J.

Bjorgen, C.J.

16