# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MEESHA BURNS and STEPHANIE BURNS, individually and as guardians of their minor child, VERNOR J. STONER, | No. 78903-1-I |
| Plaintiffs, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| MARIA C. GOMEZ-VASQUEZ, d/b/a MERMAID MAID, and JOHN DOE VASQUEZ, and the marital community comprised thereof, | |
| Defendants, | |
| NELLERMOE WRENN PLLC, the Burnses' former attorneys, | |
| Appellants/Cross Respondents, | |
| PETERSON WAMPOLD ROSATO FELDMAN LUNA, the Burnses' current attorneys, | |
| Respondents/Cross Appellants. | FILED: January 6, 2020 |

APPELWICK, C.J. — Nellermoe Wrenn appeals from an order quashing its lien against the attorney fees awarded to PWRFL, pursuant to the approval of a settlement of a minor's claim in a tort action. PWRFL cross appeals the approval of the settlement to the extent it ordered that a portion of the attorney fee award be deposited into the court registry pending resolution of Nellermoe Wrenn's claim. The order approving the settlement awarded all attorney fees in excess of the

funds in the registry to PWRFL. The order approving the settlement was not timely appealed. Nellermoe Wrenn's lien in amounts in excess of the funds ordered into the court registry was properly quashed. The right to those funds is not before us. We affirm.

## FACTS

On November 13, 2014, Vernor Stoner, a minor, was seriously injured after being struck by a car driven by Maria Gomez-Vasquez. In January 2015, Stoner's parents, Meesha Burns and Stephanie Burns, hired the law firm Nellermoe Wrenn PLLC to represent them and Stoner in any claims arising out of the accident. The Burnses agreed to pay Nellermoe Wrenn 30 percent of any net recovery from those claims.

The Burnses' contingency fee agreement with Nellermoe Wrenn included a provision addressing the withdrawal or discharge of attorneys. In the event that Nellermoe Wrenn ended the attorney-client relationship, it provided,

> Attorneys shall be entitled to a reasonable fee and to reimbursement of the litigation costs advanced by Attorneys, but only if the Client recovers money on the claims referred to in this Agreement. It is agreed that no settlement shall be made by Client in such a way as to exclude Attorneys from their contingent fee.

The agreement also provided that "jurisdiction and venue for any dispute arising out of this Agreement shall be in the Superior Court for King County, State of Washington." In August 2017, Mike Wrenn and Leslie Nellermoe decided to close Nellermoe Wrenn. They joined the law firm Nossaman LLP on September 1, 2017. Wrenn was not able to take the Burns case with him, because Nossaman did not

2

handle contingent fee injury work. As a result, he referred the case to Felix Luna, an attorney at Peterson Wampold Rosato Feldman Luna (PWRFL). On October 31, 2017, he sent Luna the following e-mail:

> Let me know if the [sic] this case is one your firm can take. Little boy hit in the crosswalk while walking his bike across the street. We have done the legwork and have most all the records. Liability is clear and no real defense. Driver got impatient, pulled around a truck while stopped at the crosswalk and smacked right into the boy. Broke both legs, multiple surgeries. Statute runs on Nov. 14th so we must get on it now. Peggy and I can meet with you if you need.

Around November 6, 2017, Meesha[1] met with Luna and another attorney at PWRFL. PWRFL agreed to represent the Burnses on a contingency fee basis. The Burnses agreed to pay PWRFL one third of any gross recovery, plus reimbursement of costs. Nellermoe Wrenn withdrew from the case. It did not enter a fee sharing agreement with PWRFL.

On November 9, 2017, PWRFL filed a complaint against Gomez-Vasquez on behalf of the Burnses, seeking damages due to Gomez-Vasquez's alleged negligence. It filed the complaint in Snohomish County Superior Court. By April 2018, the parties agreed to settle the case for $525,000.00. On May 16, 2018, Wrenn sent the following e-mail to Luna: "Congratulations on settling the [Burns] case. I sent this before, but wanted to make sure you had it for the final distribution and closing up the case. Many thanks. All the time on the case was under Nellermoe Wrenn." Wrenn attached several pages of billing records to the e-mail reflecting $12,879.00 in attorney fees and $702.37 in costs, for a total account balance of $13,581.37.

---

[1] We use Meesha's first name for clarity.

3

Because Stoner was a minor, the Burnses then filed a petition in Snohomish County Superior Court to appoint a settlement guardian ad litem (SGAL) for him. On May 29, 2018, the trial court appointed an SGAL to investigate and evaluate the adequacy of the settlement in light of Stoner's interests. On July 17, the Burnses filed a petition to approve the minor settlement. In the petition, PWRFL proposed a 20 percent attorney fee instead of the agreed upon one third fee. PWRFL sought a total of $105,000.00 in attorney fees and $1,521.74 in costs.

SPR 98.16W(c)(1) requires an SGAL to file a written report with the court as to the SGAL's recommendation regarding approval and final disposition of Stoner's settlement. The report must include a discussion and recommendation regarding the expenses and fees for which payment is requested. SPR 98.16W(e)(12). To prepare this report, the SGAL here reviewed a number of relevant documents, including "[i]temized billing from prior counsel with fee agreement."

On July 17, 2018, the SGAL filed the required report and recommendation. The SGAL concluded that the settlement offer was fair and reasonable, and recommended that the trial court approve the offer. In doing so, the SGAL recommended that PWRFL's $105,000.00 attorney fee request and $1,521.74 cost request be approved, noting:

> While the complexities of this case were not extraordinary; [sic] Plaintiffs' counsel took on a risky case with three days left on the statute of limitations, at least for Meesha Burns. Litigation was initiated, discovery was conducted and ultimately Plaintiffs' counsel was able to get both the third-party liability carrier and the underinsured motorist carrier to tender limits with a combined total of $525,000.00.

4

The SGAL did not recommend any payment to Nellermoe Wren. The SGAL explained,

> Nellermoe Wrenn has asserted a Quantum Mer[ui]t claim against the settlement in the amount of $13,581.37. While the activity reflected on Nellermoe Wrenn's itemized billing shows fairly standard file activity, I am having trouble seeing the value that Nellermoe Wrenn added to this case. I struggle with understanding why it took nearly three years and no settlement was effectuated. None of the itemized charges deal with drafting a complaint or preparing for litigation. I also see charges by Attorney Wrenn that as described could have been billed by a paralegal.
>
> If Nellermoe Wrenn was terminated by Plaintiffs, there should be some form of compensation paid to Nellermoe Wrenn, but based on the itemized billing submitted, I am struggling to see the value added to this case by Nellermoe Wrenn to justify full payment of their claim. I also don't understand why this case failed to come to a conclusion under Nellermoe Wrenn's employ potentially leaving an emergency situation for filing a lawsuit.

On July 26, 2018, Nellermoe Wrenn filed a notice of attorney lien in Snohomish County Superior Court. In contrast to the billing records it e-mailed PWRFL, it claimed "a lien for unpaid fees for services rendered to [the Burnses]" in the amount of $175,000.00. In addition to the notice of attorney lien, Nellermoe and Peggy Mitchell filed declarations in support of Nellermoe Wrenn's claim for attorney fees. PWRFL filed a memorandum opposing Nellermoe Wrenn's claim, arguing that it was not entitled to any attorney fees.

On July 30, 2017, the trial court heard the parties' petition for approval of the minor settlement. Nellermoe appeared as counsel for Nellermoe Wrenn.[2] The firm revised its fee request, arguing that the $105,000.00 the SGAL recommended be awarded to PWRFL be placed in the court registry. Nellermoe Wrenn

___

[2] She also stated that she was representing Wrenn personally, and that Wrenn passed away before the hearing date.

5

contended that the trial court should "have an evidentiary hearing on the facts" to determine how that amount should be allocated. It noted, "We are not intending to challenge the settlement as to Jack and his mother. We do not wish to increase the amount of fees to be awarded, but we believe the allocation of those fees, [$]105,000, is at issue."

Nellermoe Wrenn further stated, "We initially sent with the matter and then when the matter was settled our bill for about [$]13,000. Frankly, had we gotten a check for that, we wouldn't be here today." It clarified that it believed the trial court could "keep this matter . . . for resolution." It added, "If you determine that something less than $105,000 should be paid into the registry of the court, we would certainly abide by that order. We agree that some advancement of the case was done by Mr. Luna and Ms. [Ann] Rosato. The amount is at issue, I think."

The trial court approved the settlement agreement and capped the attorney fees at $105,000, an amount to which PWRFL and Nellermoe Wrenn both agreed. PWRFL also agreed that Nellermoe Wrenn should be reimbursed for $828 for paralegal costs out of the attorney fee award. Subtracting the $828.00 from $12,879.00, the amount of attorney fees reflected in Nellermoe Wrenn's billing records, the court determined that $12,051.00 was in dispute and should be paid into the court registry. The court stated that it was limiting Nellermoe Wrenn's recovery to that amount. It explained, "With regard to what to do with that $12,051, just to be absolutely clear, it will go into the clerk's registry and just stay there until

somebody successfully sues somebody else for it unless there is a signed stipulation by the parties."

After discussing whether to have one of the insurance companies deposit the $12,051.00 into the court registry, the court determined, without objection from any party, that the entire attorney fee award should be paid by single payment to PWRFL. PWRFL would then deposit the $12,051.00 into the court registry. The July 30, 2018 order approving the minor settlement awarded $105,000.00 in attorney fees payable to PWRFL, ordered PWRFL to pay the $828 to Nellermoe Wrenn, and ordered PWRFL to pay an additional $12,051.00 into the court registry.

The court further clarified that "the case between the two firms is not really before me unless the parties agree it's before me." It went on to state, "I think I would need to know that all sides agree that I should keep [the case] and I should hear it, because otherwise, what I'm going to do is I'm going to leave you to litigate it in a different case." Nellermoe Wrenn and PWRFL did not decide at the hearing whether the trial court should keep the dispute over the $12,051.00. The record does not show that either firm has brought a claim against the other for that amount.

Two days later, on August 1, 2018, Nellermoe Wrenn filed a notice of attorney lien with the King County Recorder's Office for $105,000.00 plus interest. The next day, on August 2, PWRFL filed a motion in Snohomish County Superior Court to quash the lien recorded in King County to the extent it was in excess of $12,051.00. Nellermoe Wrenn opposed the motion, arguing in part that PWRFL

should have filed its motion in King County Superior Court based on a forum selection clause in Nellermoe Wrenn's fee agreement with the Burnses. On August 10, 2018, the trial court granted PWRFL's motion to quash the lien.

Nellermoe Wrenn appeals from the order quashing the lien, and PWRFL cross appeals from the order approving the settlement.[3]

## DISCUSSION

Nellermoe Wrenn argues that the trial court lacked authority to adjudicate its fee dispute with PWRFL. Specifically, it contends that the trial court lacked authority under SPR 98.16W to address the dispute. It also asserts that the forum selection clause in its contract with the Burnses required that all fee disputes under the agreement be resolved in King County Superior Court.[4]

PWRFL argues that the trial court erred in ordering PWRFL to pay $12,051.00 to the court registry from PWRFL's attorney fee award.[5] It points out that it and Nellermoe Wrenn never entered a fee sharing agreement.

---

[3] Because the trial court capped the attorney fees from the settlement at $105,000.00, and both Nellermoe Wrenn and PWRFL agreed to this amount, the Burnses have no interest at stake on appeal. However, PWRFL has an interest in the $12,051.00 that it deposited into the court registry. Accordingly, we refer to PWRFL, not the Burnses, as the party on appeal.

[4] Nellermoe Wrenn also argues that it lacked notice of the proceedings regarding the petition to approve the minor settlement. It specifically states that "[t]here is no evidence of any kind that notice was given to Nellermoe Wrenn concerning any of these proceedings." Four days before the July 30 hearing on the settlement petition, Nellermoe Wrenn filed two declarations in support of its claim for attorney fees. One of its declarations referenced the SGAL's report and recommendation regarding the settlement. And, Nellermoe appeared on behalf of Nellermoe Wrenn at the hearing. Based on this evidence, we conclude that Nellermoe Wrenn had notice of the hearing, and had received a copy of the SGAL's report and recommendation prior to the hearing.

[5] PWRFL also argues that the trial court erred in ordering PWRFL to pay $828.00 in paralegal fees to Nellermoe Wrenn from its attorney fee award.

8

I.    Timeliness of Appeal

While neither party addresses this issue in their briefing, neither Nellermoe Wrenn nor PWRFL appealed the order approving the settlement within 30 days. The order approving the settlement was issued on July 30, 2018. Two days later, on August 1, Nellermoe Wrenn filed a notice of attorney lien with the King County Recorder's Office for $105,000 plus interest. The next day, PWRFL filed a motion in Snohomish County Superior Court to quash the lien in excess of $12,051.00. The trial court granted PWRFL's motion to quash on August 10, 2018. Nellermoe Wrenn filed its notice of appeal on September 6, 2018. PWRFL filed its notice of cross appeal on September 18, 2018.

RAP 2.2(a)(1) permits a party to appeal the final judgment entered in a case. A final judgment is a "'court's last action that settles the rights of the parties and disposes of all issues in controversy, except for the award of costs (and, sometimes, attorney's fees) and enforcement of the judgment.'" State v. Taylor, 150 Wn.2d 599, 602, 80 P.3d 605 (2003) (quoting BLACK'S LAW DICTIONARY 847 (7th ed. 1999)).

However, at the hearing on the settlement petition, PWRFL stated that it "[had] no objection" to the trial court subtracting paralegal time from the $105,000.00. PWRFL specifically stated, "I think that would be fair." "Under the doctrine of invited error, a party may not materially contribute to an erroneous application of law at trial and then complain of it on appeal." Ames v. Ames, 184 Wn. App. 826, 849, 340 P.3d 232 (2014). Even if the trial court erred in ordering PWRFL to pay Nellermoe Wrenn's paralegal fees from its award, PWRFL invited the error by stating not only that it had no objection to the payment, but that the payment would be fair. Accordingly, PWRFL is estopped from objecting to this ruling on appeal.

The order approving the settlement was the trial court's last action settling the rights of the parties. It capped the amount of attorney fees at $105,000.00. It awarded that amount to PWRFL, less $828.00 to be paid to Nellermoe Wrenn, and $12,051.00 to be paid into the court registry. PWRFL and Nellermoe Wrenn each agreed the maximum the estate should pay in attorney fees was $105,000.00. PWRFL agreed that Nellermoe Wrenn should be paid $828.00 for paralegal costs. The court stated that it was limiting Nellermoe Wrenn's recovery to a potential $12,051.00 and ordered that amount placed in the court registry. The balance of the $105,000.00 was awarded outright to PWRFL. That July 30 order was a final order on those issues, as well as approval of the settlement agreement itself.

The only unresolved issue after entry of the July 30 order was which law firm was entitled to the disbursement of the $12,051.00 in the court registry. The trial court specified that the issue be resolved by a separate suit or by stipulation. This further affirms the trial court's intent that the July 30 order be a final order.

Nellermoe Wrenn's notice of appeal "seeks review by the designated appellate court of any and all orders of this court which address or concern, or seek to adjudicate, any and all matters concerning the fee dispute between present counsel for plaintiffs and prior counsel for plaintiffs." Under RAP 5.2(a), a party must file a notice of appeal "within the longer of (1) 30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed, or (2) the time period in section (e)." Nellermoe Wrenn filed its notice of appeal on September 6, 2018, 38 days after entry of the July 30 order approving the

10

settlement. Thus, it did not timely appeal the final judgment in this case.[6] It did timely appeal the August 10 order granting PWRFL's motion to quash.

PWRFL's notice of cross appeal "seek[s] review by the designated appellate court of the trial court's Order Approving Minor Settlement, entered on July 30, 2018." Under RAP 5.2(f),

> If a timely notice of appeal . . . is filed by a party, any other party who wants relief from the decision must file a notice of appeal . . . with the trial court clerk within the later of (1) 14 days after service of the notice filed by the other party, or (2) the time within which notice must be given as provided in sections (a), (b), (d) or (e).

PWRFL filed a notice of cross appeal on September 18, 2018, 12 days later than Nellermoe Wrenn's notice of appeal. Thus, it too was untimely as to the July 30 order.

In addressing the timeliness of its appeal at oral argument, Nellermoe Wrenn contended that the trial court lacked jurisdiction to hear its fee dispute under (1) SPR 98.16W, and (2) a forum selection clause in its fee agreement with the Burns.

But, Nellermoe Wrenn's argument regarding jurisdiction under SPR 98.16W goes to the trial court's authority to hear the fee dispute between the firms, not the court's jurisdiction over the settlement of the underlying tort case. The critical concept in determining whether a court has subject matter jurisdiction is the type of controversy. Trinity Universal Ins. Co. of Kan. v. Ohio Cas. Ins. Co., 176 Wn. App. 185, 199, 312 P.3d 976 (2013). The petition to approve the minor settlement

---

[6] Nellermoe Wrenn does not argue that a motion listed in RAP 5.2(e) or some other rule extended the time period for appealing the order approving the settlement.

11

was based on a negligence action brought by the Burnses. Washington superior courts have subject matter jurisdiction over tort actions. Trinity, 176 Wn. App. at 199. As to the court's authority, SPR 98.16W(f) provides, "At the time the petition for approval of the settlement is heard, the allowance and taxation of all fees, costs, and other charges incident to the settlement shall be considered and disposed of by the court." SPR 98.16W plainly allows the trial court to determine the amount of fees to be awarded to a plaintiff's original and successor counsel.

The trial court clearly had subject matter jurisdiction over the settlement and authority to determine the amount of attorney fees to be paid in that settlement. It exercised that authority to cap the fees paid by the estate, to cap the claim by Nellermoe Wrenn, and to make an award to PWRFL. The trial court recognized that it may not have authority to resolve any dispute between the two law firms and declined to resolve the issue absent a stipulation. The trial court acted consistent with its authority. In quashing the lien, it was not error for the trial court to rely on the July 30 order to determine the lien rights of Nellermoe Wrenn.

Nellermoe Wrenn asserts the trial court lacked authority to determine its entitlement to fees or to quash the lien because of the forum selection clause in its fee agreement with the Burnses. The agreement provided, "The parties agree that jurisdiction and venue for any dispute arising out of this Agreement shall be in the Superior Court for King County, State of Washington." "A party to a contract may waive a contract provision, which is meant for its benefit, and may imply waiver through its conduct." Mike M. Johnson, Inc. v. County of Spokane, 150 Wn.2d

12

375, 386, 78 P.3d 161 (2003). Waiver by conduct requires unequivocal acts of conduct evidencing an intent to waive. Id.

We do not regard the court approval of a settlement agreement under SPR 98.16W to constitute a contract dispute subject to the venue provision of the client contract. And, even if we did, Nellermoe Wrenn waived that provision by appearing at the settlement hearing, not asserting the venue issue, and affirmatively seeking relief from the court. At the hearing on the settlement petition, Nellermoe Wrenn asked the Snohomish County Superior Court to order that $105,000.00 of the settlement be placed in the court registry, and to "have an evidentiary hearing on the facts" to determine the allocation of those fees. It stated, "I think actually, Judge, that, as a part of approving this settlement, you can keep [this fee dispute] in this -- in your court, and we could proceed as a part of approving the settlement." It further stated,

> I believe you can keep this matter here for resolution. If you determine that something less than $105,000 should be paid into the registry of the court, we would certainly abide by that order. We agree that some advancement of the case was done by Mr. Luna and Ms. Rosato. The amount is at issue, I think.

Nellermoe Wrenn's multiple statements that the Snohomish County Superior Court could decide its fee dispute evidence an intent to waive any right it may have had to enforce the forum selection clause in this proceeding.

Neither party timely appealed the July 30 order approving the settlement. We dismiss PWRFL's appeal of the order approving the settlement as untimely.

13

II.    Order on Motion to Quash

Nellermoe Wrenn asks this court to vacate the order granting PWRFL's motion to quash its $105,000.00 attorney lien in excess of $12,051.00.

On July 30, 2018, the trial court entered the order approving the settlement, limiting Nellermoe Wrenn's potential recovery to $12,051.00. Two days later, Nellermoe Wrenn filed a $105,000.00 notice of attorney lien with the King County Recorder's Office. PWRFL then filed a motion to quash the lien in excess of $12,051.00 in Snohomish County Superior Court. It argued that, consistent with the order approving the settlement, Nellermoe Wrenn could file an attorney lien up to only $12,051.00.

In response, Nellermoe Wrenn argued that two provisions in its fee agreement with the Burnses prevented the Snohomish County Superior Court from quashing the lien. First, in the event that Nellermoe Wrenn ended the attorney-client relationship, the agreement provided,

> Attorneys shall be entitled to a reasonable fee and to reimbursement of the litigation costs advanced by Attorneys, but only if the Client recovers money on the claims referred to in this Agreement. It is agreed that no settlement shall be made by Client in such a way as to exclude Attorneys from their contingent fee.

Second, the agreement provided that "jurisdiction and venue for any dispute arising out of this Agreement shall be in the Superior Court for King County, State of Washington." Based on these provisions, Nellermoe Wrenn argued that (1) PWRFL's motion to quash had to be litigated in King County, and (2) the agreement did not permit adjudication of the fee earned by Nellermoe Wrenn

14

without a fact finding process. The trial court granted PWRFL's motion to quash the lien in excess of $12,051.00.

Nellermoe Wrenn filed the lien against PWRFL, which was not a party to Nellermoe Wrenn's fee agreement with the Burnses. PWRFL was not bound by the venue provisions in that agreement. Nellermoe Wrenn cites no authority that would otherwise require PWRFL to file a motion to quash in King County Superior Court. And, Nellermoe Wrenn's statements that it had no intent to challenge the amount of attorney fees to be paid out of the settlement, and that the Snohomish County Superior Court could decide its fee dispute with PWRFL, show an intent to waive its right to enforce the forum selection clause. It was not error for the court to decline to dismiss the motion to quash.

Also, the order quashing the lien in excess of $12,051.00 did not constitute an adjudication of the fee earned by Nellermoe Wrenn. In the order approving the settlement, the trial court had already limited Nellermoe Wrenn's potential recovery to $12,051.00, the remaining amount of their quantum meruit claim. The lien on that amount was not contested. Nellermoe Wrenn had not appealed that order at the time it opposed the motion to quash. The trial court's order quashing the lien did not decide which law firm was entitled to the $12,051.00, or how that amount should be disbursed. Rather, it upheld the status quo by following the court's previous order limiting Nellermoe Wrenn's potential recovery to $12,051.00. The trial court did not err in granting PWRFL's motion to quash the lien.

15

On the record before us, neither party has brought suit to determine who is entitled to the $12,051.00 in the court registry. Thus, no trial court has yet addressed whether there is merit to Nellermoe Wrenn's quantum meruit claim, or whether there is any other basis for a claim in any amount against PWRFL. Accordingly, these issues are not before us.

We affirm.

_____Applewick, C.J._____

WE CONCUR:

_____Andrus, J._____  _____Schindler, J_____